The cause stood over to this term; and now the Court refused his motion, declaring that before judgment, it was very clear that the plaintiff might settle the action, and discharge the defendant, without or against the consent of his attorney, who had no lien on the cause for his fees; that after judgment, if the plaintiff released *239 the judgment to the defendant, the law had provided no remedy for him, but an action for his fees against his client. Both parties were called (a).
Rice, for the plaintiff.
Mellen, for the- defendant.

 Qutere whether the attorney has not in such a case a lien for his fees? (Dawson Att. 144. — Omerod vs. Gate, 1 East. 404. — Ex parte Bryant, 2 Rose, 237. — 1 Mad. 49. — Dunklee vs. Clark, 13 Mass. 525. — Baker vs. Cook, 11 Mass. 238. and note to 2d Ed. — Maugham, 312.), and whether, in case of a collusive settlement, the defendant is not liable to the attorney of the plaintiff for the amount for which the attorney has a lien ? (Merifield, 240. — Maugham, 310 — 312.)