Dewey, J.
At common law, an attorney has no lien upon a judgment recovered by him for his fees or disbursements; (a) but the statute quoted by the plaintiff’s counsel certainly gives one. Mr. Perley then had a lien on the plaintiff’s judgment- against Jewell, for his fees and the necessary disbursements made by him in the course of the suit. Did his receiving money of the judgment debtor, and paying the same over to the creditor, take the case out of the statute, and discharge his lien ? I think not. If he had any lien upon the judgment, it was upon the whole sum recovered. His directions to Snow, the defendant’s deputy, were binding upon him. In setting off the executions against each other, it appears that Smith, the other deputy, acted ignorantly. But it was Snow’s *222 duty to inform him of the directions he had received; and for his negligence in this respect I think he is chargeable, and that judgment ought to be rendered for the plaintiff in this action, [ * 239 ] upon that count in his declaration * which charges the defendant for this misconduct of his deputy, Snow.
Parker, J.,
of the same opinion.
Thatcher, J.,
agreed that the statute had given to an attorney a lien, on the judgment and execution recovered by him, for his fees and" disbursements in the suit. But this lien, being against common right, ought to receive a strict construction, and not to be extended beyond the necessity of the case. When Mr. Perley had received of the judgment debtor a sum equal to the lien, the remainder due on the execution was discharged therefrom. He could not say he did not receive that sum on account of his fees, &c. (a)
Sewall, C. J.,
not in Court.

Defendant defaulted.

 Getchell vs. Clarke, 5 Mass. Rep. 309. — An attorney has a lien for his costs upon money levied by the sheriff upon the execution, and on the proceeds of judgments and decrees and awards in favor of their client, as well as on papers and documents.—Merif. on Costs, 235. — Dawson on Attys. 142.
In the King's Bench, and the common law side of the Exchequer, the right of set-off is subject to the lien of the attorney for his bill of costs; and these courts will not, in general, allow a defendant to set off his debt and costs in one action against those in another, until the attorney’s bill for business done in the cause wherein he was con. cerned be first discharged. But in the Common Pleas, the lien is holden to be subject to the equitable claims that exist between the parties to the cause. And the Court of Chancery will not interpose the lien further than upon the clear balance which is the result of the equity between the parties. — Merifield on Costs, 236, 237. — Dawson, 142.— Tidd's Pr. 339, 340, 991, 992. — Beame's Costs, 314, 315. — The lien is general for fees, expenses, and costs. — Dawson, 137—142. — See Martin vs. Hawkes, 15 Johns. 405. — Porter vs. Lanc, 8 Johns. 357.— Cole vs. Grant, 2 C. R. 105. — Devoy vs. Boyer, 3 Johns. 247. —13 Johns. 406.—1 Cowen, 206. — 4 Cowen, 416. — 1 Paine Duer, Pr. 197 — 8 Johns. 335.—11 Johns. 547.

 Dunklee vs. Locke, 13 Mass. Rep. 525. — Quere: How could this action be maintained by the present plaintiff, who seems to have sustained no injury ?