POTTER, JUDGE &c. *vs.* MAYO & ALS.

An attorney's lien on the cause for his fees, does not exist till judgment is en-
tered.

Therefore where, in a case reserved, after the opinion of the Court was pronounced
in favor of the plaintiff, he forthwith assigned his interest in the judgment, and
the defendant, during the term, and before judgment was actually entered, paid
the whole amount to the assignee ; it was holden that the attorney's lien was
thereby defeated.

DEBT on an administration bond. The defendants having an-
swered over, agreeably to the order of the Court, *ante Vol.* 2,
*p.* 239, the cause came on for trial at the last *November* term
before the Chief Justice, when the only question of *fact* upon the
special pleadings, was, whether *Mayo*, the defendant, had notice

before *May* 28, 1813, of the lien of the plaintiff's attorney for his costs upon a judgment rendered in the Supreme Judicial Court of *Massachusetts* in this county at *May* term 1813, in the case of *Martin v. Mayo Ex'r.* [*Vid.* 10 *Mass.* 137.]

In this latter case a verdict had been returned for the plaintiff, subject to the opinion of the whole Court, which was pronounced in favor of the plaintiff at an early day in the *May* term above mentioned. The next day after the opinion was delivered, *Martin* executed to one *Curry* a regular assignment of his judgment against *Mayo* ; but the judgment was not in fact entered up till *May* 29th under the general order of the Court of that date. Before the judgment was entered, viz. on the 28th of *May*, *Mayo* had notice of the assignment to *Curry*, and afterwards paid him the amount, and obtained a discharge. And the object of the present suit, which was brought for the benefit of the attorney of *Martin*, was to compel *Mayo* to pay the amount of his *lien*, on the ground that the payment to *Curry*, being made with notice of the existence of that *lien*, was no protection against it.

The same gentleman was attorney for the defendant in that case, and in this. Upon this evidence, which was all that appeared in the case, a verdict was returned for the defendants, subject to the opinion of the Court upon this question, whether if the actual entry of judgment were necessary to perfect the lien of the attorney, any notice after that time could, by relation, avail the plaintiff to maintain the issue on his part ?

*Emery*, of counsel for the plaintiff, argued—1st. that the lien of the attorney was entitled to favor and protection from the Court ; and that the situation of parties litigant was such as that they are to be presumed to have knowledge of all equitable claims upon the subject in controversy. *Swain v. Sennett* 2 *New Rep.* 131. *Ormrod v. Tate* 1 *East* 463. `Welch v. Hole Doug.* 238. *Reed v. Duppa* 6 *D. & E.* 361. *Randall v. Fuller* 6 *D. & E.* 456. 3 *Atk.* 720. *Kinkman v. Shawcross* 6 *D. & E.* 14.— 2d. That the instant the judgment was entered, so as to give effect to the assignment, the same instant the right of the attorney also was perfected ; and so the lien attached without notice. *Green v. Farmer* 1 *Bl.* 651. *Kidlock v. Crague* 3 *D. & E.* 119. *Martin v. Hawks* 15 *Johns* 405. *Baker v. Cook* 11 *Mass.* 238.

*Hopkins*, for the defendants, did not deny that liens were to be favored ; but insisted that the true question was, whether the Court could *create* a lien which did not exist by law ? The whole extent of the law on this subject, as found in *Montague on lien* 59—63 is only this—that an attorney has a general lien, *against his client*, on all the *papers* with which he is entrusted ; and upon *money* in his hands, or upon a *judgment recovered by him* ;—and that the attorney's lien must first be satisfied, before any offset can be made by the opposite party.

Without a particular notice of the authorities cited for the plaintiff, which, however, do not support the points to which they are cited ; the law of this case is conclusively settled in *Getchel v. Clark* 5 *Mass.* 309, in which it is declared that the plaintiff may settle an action before judgment, and discharge the defendant, with or without the consent of his attorney, who has no lien on the cause for his fees; and that if after judgment the plaintiff release to the defendant, his attorney has no remedy for his fees, but an action against his client. The *Stat.* 1810 *ch.* 84 is merely a legislative declaration that the attorney may have a lien upon a judgment, which shall not be defeated by any offset of cross executions. *Dunklee v. Locke* 13 *Mass.* 526.

Upon these authorities the law is clear that the lien of the attorney is only upon *the judgment when rendered* ;—and it cannot be extended by relation to defeat the rights of the assignee, which were already vested and perfect by the notice of the assignment.

Mellen C. J. delivered the opinion of the Court.

In the course of the pleadings the parties have lost sight of the assignment of *McLellan*, and issue is taken on the single question whether *Mayo* had notice of the attorney's lien before payment was made to *Curry* on the 28th of *May* 1813. The judgment in the suit of *Martin v. Mayo* was entered *May* 29. The inquiry then is, whether the lien existed or became perfect till judgment, so that notice of it could be given before that time, as alleged in the surrejoinder.

In the case of *Getchel v. Clark* 5 *Mass.* 309, the Court in giving their opinion said that " *before* judgment, it was very clear that

Potter, Judge &c. *v.* Mayo & als.

" the plaintiff might settle the action and discharge the defendant " without or against the consent of his attorney, *who had no lien* " *on the cause for his fees;*—that *after* judgment, if the plaintiff " released the judgment to the defendant, *the law had provided no* " *remedy for him* but an action for his fees *against his client.*" Whatever rules or principles may have been adopted in the English Courts, it seems that at common law an attorney has no lien for his costs, as the Court also decided in *Baker v. Cook* 11 *Mass.* 236. That Court considered, and so do we, that whatever lien he has is created by the act of *Massachusetts* of 1811, *ch.* 84, directing officers in the levy of executions, wherein the creditor in one is debtor in the other, to cause one execution to answer and satisfy the other, so far as the same will extend. The act contains this *proviso,*—" that nothing in this act shall be construed " to affect or discharge the lien which any attorney has or may " have upon any judgments or executions for his fees and disburse- " ments." The *proviso* also protects *bona fide* assignments of judgments, executions, and causes of action. The same provision is re-enacted in this State in the fourth section of *Stat.* 1821, *ch.* 60. By the terms of the law, the lien which is created is upon the judgment and execution; and the provision just quoted is for the purpose of protecting that interest which an attorney has in such judgment, or execution, on account of his fees and disburse- ments, and preventing the judgment creditor from discharging such judgment or execution, or enforcing the collection of the amount due, to the prejudice of such attorney's rights and lien. According to the language of the statute, then, it appears that an attorney's lien does not exist until judgment. The lien is upon that, and on the execution issued on such judgment. If we attend to the design and object of the provision, we shall arrive at the same conclusion. As we have above stated, the intention of the legislature was to protect the attorney's interest from the control of his client;—it was to give to him the security of the judgment debtor, in addition to the original responsibility of his client. Now it is perfectly clear that until a judgment is rendered, such additional security cannot exist, because until then no coercive power is given to the creditor, and it was against *this* power that the statute provision was intended as a guard. For these reasons

we think the lien of the attorney in the present case never had a legal existence till judgment, which was on the 29th day of *May* ; of course no legal notice of such lien could be given till *after* such judgment was rendered, and therefore it was too late to destroy the effect of the payment of the judgment by *Mayo* to *Curry*, on the day preceding, which payment is admitted by the pleadings. In this view of the subject it would be contrary to justice and fairness, as well as to legal principles of construction, to give to the judgment a retrospective operation relative to the attorney's lien ; for by so doing it would over-reach a payment by the defendant *Mayo* honestly made, and without notice of the attorney's rights, to a person authorized to receive the money; and we should thereby compel the defendants, or *Mayo* the principal, to pay the debt a second time.

*Judgment on the Verdict.*