ALONZO WOODS *vs.* GEORGE F. VERRY.

An attorney, lawfully possessed of an execution in favor of his client, may enforce the lien thereon, given him by Rev. Sts. *c.* 88, § 28, for his fees and disbursements in the cause, by action on the judgment in the name of the client.

ACTION OF CONTRACT on a judgment for costs. The case was submitted to the decision of the court upon the following facts:

The attorney of Woods in the suit in which the judgment
was recovered took out execution thereon, and before it had run
out gave notice to Verry that the judgment and execution be-
longed to the attorney by virtue of an attorney's lien for his fees
and disbursements in that suit, which had ́not been paid, being
the entire amount of the judgment; and that he should look to
him for the payment thereof. The execution was in the hands
of the attorney at the time of the commencement of this action,
and has since been returned in no part satisfied. This action
was brought by the attorney for his own benefit, as was stated
on the back of the summons served on the defendant. Woods
had no knowledge of its being commenced, and has since re-
leased the judgment sued upon.

*W. A. Williams,* for the plaintiff.

*C. Devens, Jr.* for the defendant. At common law, an attor-
ney has no lien on the judgment and execution for his fees and
disbursements in the case. *Getchell* v. *Clark,* 5 Mass. 309.
*Goodenow* v. *Buttrick,* 7 Mass. 140. *Baker* v. *Cook,* 11 Mass.
238, 239. *Barrett* v. *Barrett,* 8 Pick. 342. *Potter* v. *Mayo,* 3
Greenl. 37. The lien given to the attorney by statute does not
attach to the judgment, but only to an execution lawfully pos-
sessed by him, and is not to be extended by construction.
*Sts.* 1810, *c.* 84; 1830, *c.* 124. Rev. Sts. *c.* 88, § 28. *Baker*
v. *Cook,* 11 Mass. 238. *Rider* v. *Ocean Ins. Co.* 20 Pick. 266.
In *Little* v. *Rogers,* 2 Met. 478, it does not appear that any
objection was made to the allowance of the attorney's lien;
and the point in issue concerned a set-off of costs, which was a
question addressed to the discretion of the court. *Barrett* v.
*Barrett,* 8 Pick. 343. The words "lien" and "lawfully pos-
sessed," in the statute, show that the legislature contemplated
an actual possession and a mere right to hold, and not an equi-
table assignment of the judgment, nor any right to sue upon it.
The attorney might have his rights protected by an order from
the court that execution should not be delivered to any other
person.

SHAW, C. J. This case is within the provision of Rev. Sts.
*c.* 88, § 28, securing to an attorney a lien for his unpaid fees and

disbursements, on any execution lawfully in his hands; and this statute was only a revision and substantially a reënactment of *Sts.* 1810, *c.* 84, and 1830, *c.* 124. The whole amount of this execution, on a judgment for costs, was due to the attorney; the only execution ever issued on the judgment was lawfully in his possession when this suit was brought; the defendant had notice of the attorney's rightful claim to the amount, and could not honestly or legally defeat that right by a payment to the judgment creditor. *Baker* v. *Cook,* 11 Mass. 236. *Dunklee* v. *Locke,* 13 Mass. 525. *Little* v. *Rogers,* 2 Met. 478. When a party has by law a lien on a chose in action, as he cannot have a manual possession, actual or constructive, which is necessary to secure a lien on a chattel, the law gives him the necessary means of making good his lien, and that is, in cases like the present, an action in the name of the judgment creditor, which the debtor cannot defeat. *Judgment for the plaintiff.*