NATHANIEL G. WHITE, Administrator, *vs.* SOLON HARLOW.

In an action by one maker of a promissory note against another to recover a proportion of money paid on it, an agreement of counsel, that a certain statement " shall be evidence in the case, provided the plaintiff's counsel shall produce the note, or shall show by satisfactory evidence that such note was in existence," is complied with by the production of the note, without putting it into the case.

An attorney, who has voluntarily withdrawn from a suit, is not entitled to withhold a paper in his hands, and prevent it from being used as evidence until payment to him of the previous costs that would be taxable for his client in case of his ultimate success.

A partner, who pays a joint and several note made by himself and copartners individually to a retiring partner in payment for his share in the business, cannot maintain an action against one of his copartners for his proportion of the amount so paid, without showing that the business of the partnership is settled.

ACTION OF CONTRACT, commenced at December term 1851 of the court of common pleas, by Elisha Williams, executor of the will of George Harlow, to recover one third of the amount of a joint and several note, executed by said Harlow, by the defendant, and by S. S. Gilman, and paid at maturity by said executor.

The answer admitted the execution of the note; but denied that the plaintiff was obliged to pay and did pay it; and averred that, at the date of the note, the three signers were copartners, that the note was made for the purposes of the partnership, and that at the date of the writ there were outstanding claims against the partnership, which had not since been settled.

Williams died in the summer of 1852, and in the following autumn White was appointed administrator *de bonis non* with the will annexed of George Harlow, and at the next December term appeared and assumed the prosecution of this suit.

The case was afterwards referred to an auditor, who made a report, from which the following is an extract: " It was admitted by the defendant's counsel that the promissory note described in the writ was made and signed agreeably to its purport; and further, that Reuben Farrar, the payee of said note, and now present as a witness for the plaintiff, will testify that the amount of said note was paid to him, about the time when it became

payable, by Mrs. Harlow, widow of said George Harlow, in the presence of said Williams, executor, the plaintiff in this action ; that the plaintiff, at the time, took a pen and appeared to be writing ; that Mrs. Harlow did not write ; that the interest was reckoned at the time, and paid by said Williams at Mrs. Harlow's house. It was agreed by the defendant's counsel that the foregoing should be evidence in the case, provided the plaintiff's counsel shall produce the note testified of, or shall show by satisfactory evidence that such note was in existence.".

A trial was had at September term 1854, before *Briggs*, J., who signed a bill of exceptions, which, after setting forth the previous proceedings in the case, was as follows :

" After the reading of the writ and answer, B. F. Watson was offered and sworn as a witness for the plaintiff, when it appeared, in answer to interrogatories to the witness, that the note aforesaid, upon payment whereof this action was grounded, was then in his possession ; and the said note was then produced and exhibited by the witness. The witness however claimed to withhold said note from the plaintiff, and to be entitled to refuse that said note should be used as testimony in this suit, till a lien upon it for ten term fees of four dollars each, and for the legal costs that would be taxable for the plaintiff, in case he had prevailed at the time when the witness ceased to be the attorney of the plaintiff, namely, after March term 1854, was satisfied, which lien accrued, as the witness alleged, from the fact, that he was one of the firm of Saunders & Watson, by whom this suit was instituted, and to whom the note in question was delivered by the original plaintiff, Williams, to sustain the same.

" The court ruled that the witness was entitled to retain and withhold said note till his reasonable claim for his fees and disbursements were satisfied. To this ruling the plaintiff excepts.

" The plaintiff then offered as testimony the report of the auditor, and especially the extract from the same that has been already set forth.

" The court ruled that this report of the auditor was not competent evidence of the facts set forth and admitted by the counsel of the defendant, until the condition upon which the admission

was made had been complied with. To this ruling the plaintiff by his counsel excepts.

" A verdict *pro forma* was rendered for defendant, to be set aside if said several rulings are not found correct."

*R. Cross*, for the plaintiff.

*D. Saunders, Jr.* for the defendant.

BY THE COURT. Upon the bill of exceptions, which is not so full and accurate as we could have wished, two questions are raised; whether the report of the auditor, or the extract from it, should have been admitted; and whether the ruling of the learned judge, as to the lien of the witness upon the note, was correct.

1. The report of the auditor was competent evidence under the statute, unless there was some legal objection to it. Rev. Sts. *c.* 96, § 30. The defendant says, that it appears by the report that there was an agreement that the admissions made by the defendant before the auditor, of what Farrar, the payee of the note, would testify as to its payment, were to be used, if upon the trial the counsel for the plaintiff should produce the note, or show by satisfactory evidence that such note was in existence; otherwise, not. Whether such a condition could be properly annexed to the report of facts or evidence by the auditor, it is not necessary to inquire; for the condition was clearly complied with. The note was produced and exhibited by the witness Watson. This certainly was " satisfactory evidence that such note was in existence." That the note should be put into the case as evidence was no part of the agreement. A comparison of these admissions with the declaration shows that the evidence would go very far to sustain the action, and to preclude any necessity for the production of the note. The action is not upon the note, but for money paid to the use of the defendant upon it.

2. The second question is one of greater difficulty. How far the law, giving an attorney a lien upon the papers of his clients in his hands for fees and disbursements, has been adopted in this commonwealth, is doubtless an open question. The statutes give him a lien upon the execution. Rev. Sts. *c.* 88, § 28; *c.* 97, § 76. The statute of 1810. *c.* 84, seemed to recognize the

existence of such lien upon the judgment. See also *Getchell* v. *Clark,* 5 Mass. 309; *Baker* v. *Cook,* 11 Mass. 236; *Dunklee* v. *Locke,* 13 Mass. 525; *Woods* v. *Verry,* 4 Gray, 357. We have not felt it necessary to decide the general question; for, supposing the rule of the common law to be in force in this state, we think the facts, as reported, did not bring the witness within it.

He was one of the attorneys in the suit brought by the executor. Upon the decease of the executor, his authority ceased. *Gleason* v. *Dodd,* 4 Met. 333. He appears to have been again employed by the administrator *de bonis non.* How, and for what reasons, his relation to the suit terminated, does not appear. All that is shown is, that after March term of 1854 he " ceased " to be attorney in the suit. No suggestion is made that the retirement was not wholly voluntary on the part of the attorney. His claim was for the payment of the term fees, and for the costs which would be legally taxable for the plaintiff, in case he ultimately prevailed in the suit, up to the time he ceased to be attorney. The presiding judge ruled that the witness was entitled to retain and withhold said note till his reasonable claims for fees and disbursements were satisfied. Of the proposition, abstractly considered, no complaint could perhaps be made. But as a rule for the conduct and direction of the cause, and considered as applied to the facts reported, and as responsive to the claim made, it was not, we think, correct. Upon the precise facts developed by the bill of exceptions, we think the witness had not a lien upon the note, which authorized him to withhold it and prevent its being used as evidence in the cause.                                     *Exceptions sustained.*

A new trial was had in the court of common pleas at March term 1857, at which Reuben Farrar testified that, prior to the date of the note, he was a partner in business with the three signers of this note under the firm of Harlow, Gilman & Co., and at that date sold out his share in the business to them, and has not since been a member of the firm, but the other three continued to carry on the business as before; that he received of them, for his share in the business, this note, which was

afterwards paid to him by Williams as executor of George Harlow; and three others, one of which was paid by the new partnership in work, another by George Harlow in his lifetime, and the third by his executor; that the partners remaining in business gave him a similar note, which he enforced against the defendant; and that he did not know whether any of the business or liabilities of either partnership were still unsettled.

Upon this evidence, *Briggs*, J. ruled that the action could not be maintained. The jury returned a verdict for the defendant, and the plaintiff alleged exceptions, which were argued at November term 1857.

*Cross*, for the plaintiff. This note is not within the principle upon which the ruling of the judge was based, but falls within the exceptions to that rule; for it is not signed by the partnership name, but by each partner individually; it is not a joint note, but a joint and several note; it was given at the inception of a copartnership, as a basis for subsequent operations; Collyer on Partn. § 245; *Venning* v. *Leckie*, 13 East, 7; and it does not appear that there are any outstanding liabilities of the partnership. *Williams* v. *Henshaw*, 11 Pick. 79.

*O. P. Lord*, for the defendant.

BY THE COURT. It now appears, by the testimony of Farrar, that the three persons, by whom the note was given, were partners, and that the note was given on partnership account, for the purchase of the share of a retiring partner in the stock. The note having been paid in full out of the estate of the plaintiff's intestate, this action is brought against the defendant, one of the joint and several promisors, for a contribution. Upon the facts thus developed, the court are of opinion that no action can be maintained. The payment of such note by either partner constituted, in law, only an item in the partnership account, for future settlement. *Non constat*, that by the payment of the whole of this note by the plaintiff's testator he paid more than his share, so as to become a creditor of the firm on final settlement. But if he did, his remedy is in equity only, where such account could be taken.

It appears that the defendant paid one note of a similar

character; could he sue the plaintiff for contribution? The objection, that a suit at law will not lie by one partner against another, is not merely technical; it grows out of their legal relations. Where two independent parties owe a joint debt, and one pays the whole, which he may be compelled to do by the creditor, the law, in the absence of any express agreement of such debtors, implies a promise of the co-debtor, to him who has thus paid the whole, to pay him one half of the common debt thus discharged. But when one partner thus pays the whole debt, the law implies no such promise; it merely authorizes him to charge the whole to the firm in partnership account, of which he will have the benefit, as a credit, on settlement of that account, voluntarily, or by a suit in equity. *Exceptions overruled.*