CHARLES H. BLAKE *vs.* WILLIAM J. CORCORAN & others.

Suffolk.    November 16, 1911. — March 4, 1912.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DeCOURCY, JJ.

*Attorney at Law. Lien. Evidence,* Presumptions and burden of proof. *Infant,* Next friend. *Release.*

R. L. c. 165, § 48, which gives to an attorney at law a lien upon money collected by him on an execution in favor of a client for the amount of his fees and disbursements, gives such attorney no lien for counsel fees for services, and, if he is sued by his client for money had and received, and it appears that he retained from the money collected on the execution an amount in excess of the amount of the fees and disbursements upon a claim for compensation for his services, the burden of proof is on the defendant to show that his claim for counsel fees is at least equal to the balance thus retained by him, and the question of the amount of the defendant's claim is for the jury on the evidence presented.

A father who has acted as next friend for his minor son in an action by the son for personal injuries, after a judgment for the plaintiff has been entered and execution has issued and has been satisfied, has no authority to settle a controversy with the attorney at law who conducted the action as to the amount to be retained by the attorney for his services out of the money collected by him upon the execution, or to give in behalf of the minor a release of the attorney from all claims.

HAMMOND, J.    This is an action for money had and received, brought by a minor, through his mother as next friend, against the defendants who are attorneys at law.    The answer, in addition to a general denial, sets up payment and release.

It appeared that the plaintiff brought an action by his father as his next friend against one Dana, to recover for damages for injuries received by the plaintiff.    The father also brought an action in his own name for the loss of services of the plaintiff by reason of the injuries.    The actions were tried together and both plaintiffs recovered judgment, — the present plaintiff for $7,000 and costs and the father for $1,000 and costs.    Executions were issued, and the defendants as the attorneys of the plaintiff and his father received thereon a total of $8,353.62, of which $7,049 damages and $172.81 costs were collected upon the execution which ran in the name of the plaintiff.    There was a dispute between the father and the defendants as to the amount to be re-

tained by the latter for their services and expenditures, but finally the father agreed to take $5,158.05 in full settlement. The defendants paid that amount to him and he gave a release in full both in his individual capacity and as the plaintiff's next friend. The plaintiff being dissatisfied with this settlement, this action was brought to recover a balance claimed to be due from the defendants. At the trial before a jury the presiding judge* at the close of the plaintiff's evidence ruled that the release was not binding on the plaintiff, and having so ruled ordered a verdict for the plaintiff for $1. The case is before us upon the plaintiff's exceptions to the order directing a verdict for $1.

Undoubtedly the burden was upon the plaintiff to show not only that the money was received by the defendants, but also that it was received to the use of the plaintiff. In this case it appears that the amount of the execution running in favor of the plaintiff was received by the defendants. They had a lien upon the money for their fees and disbursements, R. L. c. 165, § 48, and to that extent perhaps may be said to have received it in trust for themselves. But they had no lien for counsel fees. *Getchell* v. *Clark*, 5 Mass. 309. *Baker* v. *Cook*, 11 Mass. 236. R. L. c. 165, § 48. *Ocean Ins. Co.* v. *Rider*, 22 Pick. 210. The balance over and above the amount of the fees and disbursements was therefore received to the plaintiff's use. Upon this balance the defendants had no lien. Their counsel fees for services were merely a personal claim of which they might avail themselves in this action as in the nature of a reduction or set-off. See *Dale* v. *Sollet*, 4 Burr. 2133, and cases cited in notes to the same case in 1 Ames, Cases on Trusts, 8. But they could have held enough money to pay their claim not upon the ground that it was received originally to their use, but upon the ground that though originally received to the plaintiff's use it ought to go to pay their claim. It is clear that at least as to so much of the proceeds of the execution as was not needed to satisfy the lien of the defendants for fees and disbursements, the only right of the defendants to retain it was by way of set-off for a debt due from the plaintiff to the defendants. And the burden was upon the defendants to show the nature and extent of that debt. It appears that the defendants held back much

---

* *Hardy*, J.

more than sufficient to satisfy their lien, and for this balance less the amount already paid they were answerable unless they showed to the satisfaction of the jury that their claim for counsel fees was at least equal to it. If the defendants' claim was equal to or exceeded this balance, then there should have been a verdict for the defendants; if otherwise, then for the plaintiff. And this question of the amount of the claim was for the jury. The ruling that as matter of law the damages should be limited to $1 was wrong.

It is argued, however, by the defendants that the ruling that the release was not binding upon the plaintiff was wrong; that on the contrary the release was a perfect bar to the action and that accordingly the verdict should have been for the defendants on the question of liability and therefore the plaintiff was not harmed by the ruling on the question of damages, and hence that his exceptions should be overruled.

Although the record discloses no exception to this ruling as to the release, yet in view of these contentions of the defendants and of the probability that the question as to its soundness may arise at the next trial, it is deemed advisable to consider it.

It is to be noted that at the time of the release the case against Dana in which the father had appeared as next friend had come to an end. There was no longer any controversy between the plaintiff and Dana. The only controversy was between the plaintiff and the defendants, and it related simply to a claim against the plaintiff, or more narrowly stated it was a controversy as to how much of the plaintiff's money then in the hands of the defendants should be retained by them for the purpose of satisfying a personal claim which they had against him. This question was not in court and never had been, and hence the father was not authorized either by express or implied authority from a court to act as the next friend of the plaintiff. In his capacity simply as a father he could not bind the plaintiff by this release. And even if it be assumed that he was still acting as next friend he could not bind the plaintiff by this release given *in pais*. *Tripp* v. *Gifford,* 155 Mass. 108. The ruling was correct.

*Exceptions sustained.*

*J. J. O'Connor,* for the plaintiff.
*W. B. Grant,* for the defendants.