ROBERT C. MORRIS, as Trustee in Bankruptcy of the Assets of PATRICK J. KEIRAN, Appellant, *v.* WINDSOR TRUST COMPANY, Respondent.

Set-off — bankruptcy — when pledgee, holding property of a bankrupt, under an implied trust, cannot offset claims of his own against bankrupt in action by trustee of bankrupt to recover such pledge.

1. Although the present Bankruptcy Act (§ 1, subd. 11) provides that " ' debt ' shall include any debt, demand or claim provable in bankruptcy," the act still provides, however, that set-off is not to be allowed unless the debts are mutual, and debts are not mutual unless they are held in the same right.

2. A trustee in bankruptcy sued a pledgee for refusal to deliver property, pledged by the bankrupt to secure a debt, after the payment of the debt which the property was intended to secure. The pledgee interposed counterclaims not connected with the transaction set forth in the complaint but which grew out of the indorsement of notes by the bankrupt to whose estate the plaintiff has succeeded. *Held*, that the counterclaims do not come within the classes enumerated in section 501 of the Code of Civil Procedure; that they cannot be sustained as set-offs either under section 68 of the Bankruptcy Act or under the general principles of equity.

*Morris* v. *Windsor Trust Co.*, 163 App. Div. 955, reversed.

(Argued September 29, 1914; decided November 10, 1914.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 13, 1914, which affirmed an interlocutory judgment of Special Term overruling a demurrer to counterclaims contained in the answer.

The Appellate Division certified the following questions:

"1. Is each of the counterclaims, numbered 1 to 13, inclusive, of the character specified in section 501 of the Code of Civil Procedure?

"2. Do each of said counterclaims, numbered 1 to 13, inclusive, state facts sufficient to constitute a cause of action?

"3. Is each of said counterclaims, numbered 1 to 13, inclusive, a proper offset to the cause of action set forth in the complaint under section 68a of the Bankruptcy Act?

"4. Are the facts pleaded in said counterclaims, numbered 1 to 13, inclusive, properly pleaded as offsets to the cause of action set forth in the complaint?"

*Henry F. Parmelee* and *Guthrie B. Plante* for appellant. The obligation of the bankrupt upon his indorsements of the notes set forth in the counterclaims, and the liability of the defendant because of its conversion of the bankrupt's securities, are not mutual debts or mutual credits under section 68a of the Bankruptcy Act, and cannot be availed of by way of equitable set-off or as set-off under the Bankruptcy Act. (30 U. S. Stat. at Large, 565.) The claims are not mutual. (*Alvord* v. *Ryan,* 212 Fed. Rep. 83; *Libby* v. *Hopkins,* 104 U. S. 303; *Western Tie & Timber Co.* v. *Brown,* 196 U. S. 502; *Farmers & Merchants State Bank* v. *Park,* 209 Fed. Rep. 613; *Matter of Christensen,* 101 Fed. Rep. 802; *Sawyer* v. *Hoag,* 17 Wall. 610.) The counterclaims are not equitable set-offs. (*H. Nat. Bank* v. *Suddath,* 215 U. S. 122; *N. Y. C. Nat. Bank* v. *Massey,* 192 U. S. 138; *Sawyer* v. *Hoag,* 17 Wall. 610; *Van Zandt* v. *H. Nat. Bank,* 149 Fed. Rep. 127; *Scammon* v. *Kimball,* 92 U. S. 362.) Defendant's liability is not a debt. (*Matter of Harper,* 175 Fed. Rep. 412.)

*Thomas F. Gilroy, Jr.,* and *Thomas A. Byrne* for respondent. The counterclaims pleaded in the answer herein are proper offsets to the plaintiff's claim under the

National Bankruptcy Act. (*Frank* v. *M., etc., Bank,* 182 N. Y. 264; *Matter of Christensen,* 101 Fed. Rep. 802; *N. & W. R. Co.* v. *Graham,* 145 Fed. Rep. 809; *Steinhardt* v. *Nat. Park Bank,* 120 App. Div. 255; *Boatmen's Savings Bank* v. *State Bank Association,* 114 U. S. 265; *Matter of Harper,* 175 Fed. Rep. 412; *Matter of Gay,* 182 Fed. Rep. 260; *Matter of Brewster,* 7 Am. Bank. Rep. 486; *Strang* v. *Bradner,* 114 U. S. 555; *Harper* v. *Rawkin,* 141 Fed. Rep. 626; *Neal* v. *Clarke,* 95 U. S. 704; *Hennequin* v. *Clews,* 111 U. S. 676.)

CARDOZO, J.   The action is for conversion.   The plaintiff sues a pledgee for the refusal to deliver the subject of the pledge after the payment of the debt which it was intended to secure.   The counterclaims are based on contracts not connected with the transactions set forth in the complaint.   They grow out of the indorsement of promissory notes by the bankrupt to whose estate the plaintiff has succeeded.   The question is whether the defendant, when sued for the conversion of the pledge, may counterclaim upon the notes.

That the counterclaims do not come within the classes enumerated in section 501 of the Code of Civil Procedure does not seem to be doubtful. (*Britton* v. *Ferrin,* 171 N. Y. 235.)   The question remains whether they may be sustained as set-offs either under section 68 of the Bankruptcy Act, or, in view of the indorser's insolvency, under the general principles of equity.   In reality this is a single rather than a two-fold question, for the Bankruptcy Act "was not intended to enlarge the doctrine of set-off, * * * in cases where the principles of legal or equitable set-off did not previously authorize it." (*Sawyer* v. *Hoag,* 17 Wall. 610, 622; *Libby* v. *Hopkins,* 104 U. S. 303; *Western Tie & Timber Co.* v. *Brown,* 196 U. S. 502, 509.)

I think the set-off is without sanction, either statutory or equitable.   A wrongdoer who has misapplied the subject of a trust is not entitled, either under the Bank-

ruptcy Act or under the rules of equitable set-off, to apply a credit that belongs to him in his own right in cancellation of his liability as a fiduciary. A leading case is *Libby* v. *Hopkins* (104 U. S. 303). That case construed section 20 of the Bankruptcy Act of 1867, which is the same, except for immaterial variances of phraseology, as section 68 of the Bankruptcy Act in force to-day. The bankrupt was indebted on a note secured by mortgage and also on an account. He sent some money to his creditors, A. T. Stewart & Co., with instructions to apply it on the note, but the instructions were not followed. When called upon by the trustee in bankruptcy to refund the money, the holders of the money attempted to offset the account. They invoked the provision of the Bankruptcy Act (14 Stat. 517, section 20, act of March 2, 1867, now section 86 of the act of July 1, 1898) that " in all cases of mutual debts or mutual credits between the parties, the account between them shall be stated, and one debt set off against the other, and the balance only shall be allowed or paid." The Supreme Court held that the terms " mutual debts " and " mutual credits " were used as correlative; that what is a debt on one side is a credit on the other; that Stewart & Co. held the money not as the bankrupt's debtors, but as his trustees; and hence, that there were no mutual debts within the meaning of the statute. "The indebtedness was all on the side of Hopkins [the bankrupt]. The plaintiffs [A. T. Stewart & Co.] owed him nothing. They held his money in trust to apply it as directed by him. They refused to make the application as he directed. They held it, therefore, subject to his order. They continued so to hold it until the rights of the trustee in bankruptcy attached." (p. 309.)

The rule laid down in *Libby* v. *Hopkins* (*supra*) has been followed by the Supreme Court in bankruptcy proceedings under the present statute. (*Western Tie & Timber Co.* v. *Brown*, 196 U. S. 502, 509, 510.) It has

been followed by the same court where, in proceedings not in bankruptcy, the right to set-off was asserted under the general principles of equity. (*Hanover Nat. Bank* v. *Suddath,*. 153 Fed. Rep. 1022; 215 U. S. 122; *Cook County Nat. Bank* v. *U. S.,* 107 U. S. 445, 452.) It has been approved and applied in the decisions of this court. (*People* v. *City Bank of Rochester,* 96 N. Y. 32; *Straus* v. *T. N. Bank,* 122 N. Y. 379. See also; *People ex rel. Zotti* v. *Flynn,* 135 App. Div. 276, 281, and *Britton* v. *Ferrin,* 171 N. Y. 235, 245.) It is in accord with the rule of set-off in bankruptcy enforced by the courts of England. (2 Halsbury, The Laws of England, Title Bankruptcy and Insolvency, pp. 211, 212.)

The law is thus settled that if the defendant held the pledge in trust for the bankrupt, it cannot offset a debt that belongs to it in its own right. I think that, within the meaning of the rule which forbids the set-off of claims and liabilities held in inconsistent relations, a trust existed here. Within the meaning of that rule a trust may exist, though it results by implication of law from the relation between the parties. This court has many times held that a contract of pledge creates a fiduciary relation between the pledgor and the pledgee. (*Toplitz* v. *Bauer,* 161 N. Y. 325, 332; *Gillet* v. *Bank of America,* 160 N. Y. 549, 560; *Wheeler* v. *Newbould,* 16 N. Y. 392, 398.) In so holding, its decisions have been in harmony with those of the Supreme Court of the United States. (*Easton* v. *German Am. Bank,* 127 U. S. 532, 536; *Pauly* v. *State Loan & Trust Co.,* 165 U. S. 606, 618, 620.) That was the relation between the bankrupt and the defendant in the case at bar. After the debt secured by the pledge had been paid, the defendant held the pledge without beneficial interest or power of disposition. The one duty remaining was to preserve it safely and return it to the pledgor. The defendant from that moment held the collateral to the use of the bankrupt, just as truly as A. T. Stewart & Co. in *Libby* v. *Hop-*

*kins* (*supra*), or the bank in *People* v. *City Bank of Rochester* (*supra*), held in trust the money forwarded to them for application to a special purpose. To permit the duty that then arose to be avoided by the purchase and set-off of a claim in the fiduciary's own right is at war with the fundamental principle that a fiduciary may never deal for his own profit with the subject-matter of his trust. (*Britton* v. *Ferrin, supra*.) The courts have wisely been reluctant to give to the rules of equitable set-off a construction that would impair the obligation of that salutary principle.

Such cases as *Hennequin* v. *Clews* (111 U. S. 676) and *Crawford* v. *Burke* (195 U. S. 176), much relied on by the respondent, have little application here. They construed a provision excluding from the benefit of the act debts created by a bankrupt " in consequence of a defalcation as a public officer, or as executor, administrator, guardian, or trustee, or while acting in any other fiduciary capacity." They held that " the cases enumerated, ' the defalcation of a public officer,' ' executor,' ' administrator,' ' guardian,' or ' trustee,' are not cases of implied, but special trusts, and the ' other fiduciary capacity ' mentioned, must mean the same class of trusts. The act speaks of technical trusts, and not those which the law implies from the contract." (*Chapman* v. *Forsyth*, 2 How. [U. S.] 202, 208; *Hennequin* v. *Clews, supra*, at p. 679.) Accordingly, factors and stockbrokers who misapplied the property intrusted to them by their principals, were held to be entitled to a discharge from the liability thus created. There was no suggestion, however, that a factor or a stockbroker may not be a trustee within the meaning of the rules of equitable set-off. That a factor is a trustee within the application of those rules has in effect been held by this court in *Britton* v. *Ferrin* (*supra*). Indeed, the trust that was held to exclude a set-off in *Libby* v. *Hopkins*, in *Western Tile & Timber Co.* v. *Brown*, and in *Hanover Nat. Bank*

v. *Suddath* (*supra*), was not a technical or special one. It was rather one implied by law from the receipt of property or money subject to prescribed conditions. (*Kane* v. *Bloodgood,* 7 Johns. Ch. 90, 111, 112.) It had certainly no greater element of trust than results from the acceptance of property by an agent or factor. The defendants in those cases may not have been trustees in such a sense as to have excluded them, in the event of their becoming bankrupts, from the privilege of a discharge. They *were* trustees within the meaning of the rules of set-off, alike in bankruptcy and in equity.

The respondent insists that section 1, subdivision 11, of the present Bankruptcy Act has changed the law of set-off in providing that " ' debt' shall include any debt, demand or claim provable in bankruptcy." The act still provides, however, that set-off is not to be allowed unless the debts are mutual, and debts are not mutual unless held in the same right. (*Sawyer* v. *Hoag,* 17 Wall. 610, 622; *Middleton* v. *Pollock,* L. R. [20 Eq.] 29; *Weston* v. *Barker,* 12 Johns. 276.)

The conclusion to which I am thus led makes it unnecessary to consider the appellant's argument that a right of set-off, sanctioned by the Bankruptcy Act or by general equitable principles, but not recognized by section 501 of the Code of Civil Procedure, must be enforced through a separate suit in equity, and may not be made the subject of a counterclaim at law. I assume for the purpose of this appeal that the law is to the contrary. (Code Civ. Pro. section 507; *Coffin* v. *McLean,* 80 N. Y. 560, 563; *Van Zandt* v. *Hanover Nat. Bank,* 149 Fed. Rep. 127; *Frank* v. *Mercantile Nat. Bank,* 182 N. Y. 264, 268.)

The order should be reversed, with costs, and the questions certified answered in the negative.

WERNER, HISCOCK, CHASE, COLLIN, HOGAN and MILLER, JJ., concur.

Order reversed.