### In re G. F. REDMOND & CO., Inc.

(District Court, D. Massachusetts. February 4, 1927.)

No. 32868.

1. **Attorney and client** ⊚⇒182(1)—**Attorney has no lien on client's funds in his hands to secure fees as general counsel (G. L. Mass. c. 221, § 50).**

Neither at common law nor under statute (G. L. Mass. c. 221, § 50) has an attorney any lien on funds held by him belonging to his client, by which he can secure his claims as general counsel.

2. **Bankruptcy** ⊚⇒154—**Attorney held entitled in bankruptcy to set off claim for fees as general counsel against dividends received on stock purchased with money furnished by client (Bankruptcy Act, § 68a [Comp. St. § 9652]).**

Where attorney for client invested money furnished by client in control of bankrupt corporation in certain corporate stock, and received dividends, which he kept in a separate account, he was entitled under Bankruptcy Act, § 68a (Comp. St. § 9652), to set off claim for fees as general counsel of bankrupt against claim of trustee in bankruptcy who had been adjudged entitled to stock and dividends as part of bankrupt estate.

3. **Set-off and counterclaim** ⊚⇒46(1)—**Simple debt cannot be set off against quasi fiduciary obligation.**

Under well-settled doctrine, a simple debt cannot be set off against a quasi fiduciary obligation.

**4. Attorney and client ⬅⬅154—In Massachusetts, attorney may set off claim for fees against funds of client in his hands.**

Under Massachusetts law, attorney has right to set off his claim for compensation against funds in his hands which belong to his client.

**5. Attorney and client ⬅⬅117—Attorney holding funds of client has quasi fiduciary relation.**

An attorney having in his hands money belonging to his client assumes a quasi fiduciary relation with reference thereto.

In Bankruptcy. In the matter of the bankruptcy of G. F. Redmond & Co., Inc. On petition of trustees for review of an order of the referee allowing Edward E. Ginsburg, attorney at law, to set off his claim for fees against money in his hands representing dividends on stock purchased by him with money furnished by George F. Redmond. Order affirmed.

See, also, 17 F.(2d) 128.

Curtis & Curtis, of Boston, Mass., for trustee.

Dunbar, Nutter & McClennen and Edward E. Ginsburg, all of Boston, Mass., opposed.

BREWSTER, District Judge. Edward E. Ginsburg, an attorney at law, with money furnished him by George F. Redmond, purchased shares in the Congress Street Building Trust, which shares were issued in his (Ginsburg's) name, and upon which dividends from time to time were paid to him. Upon proper proceedings this court has adjudged that the stock and the dividends belong to the bankrupt estate, and an order has been entered requiring Ginsburg to turn them over to the trustees. Ginsburg deposited these dividends in his bank in a separate account, and on March 4, 1924 (the date of the institution of bankruptcy proceedings), Ginsburg had on hand $9,219.17. Ginsburg was general counsel for the bankrupt corporation under a salary, and on the same date there was due him for services and disbursements $2,586.19.

The referee ordered Ginsburg to pay over the dividends in his hands, together with $414.40, interest which had accrued thereon, less the amount due for legal services and disbursements. Ginsburg is ready and willing to comply with the order. The trustees have filed a petition for review.

The referee's certificate sets forth the facts as above recited.

The trustees deny that Ginsburg has any lien on the funds, and contend that the facts do not entitle him to a set-off under section 68a of the Bankruptcy Act (Comp. St. § 9652), which allows one debt to be set off against the other in cases of mutual debts and credits between the estate of a bankrupt and a creditor.

[1] I am inclined to agree with the trustees that neither at common law nor by statute in this state does any lien, strictly speaking, exist in favor of an attorney upon funds held by him belonging to his client, by which he can secure his fees as general counsel. The common law recognizes a possessory lien, which an attorney can enforce in respect to papers and documents of his client which are in the attorney's possession. Matter of Eurich's Ft. Hamilton Brewery (D. C.) 158 F. 644; Matter of Brown & Fleming Contracting Co., 21 Am. Bankr. R. 662; In re Alpha Portland Cement Company (C. C. A.) 225 F. 931; In re Luber et al. (D. C.) 261 F. 221. And in this state by statute an attorney, who is lawfully possessed of an execution, or who has prosecuted a suit to final judgment in favor of his client, has a lien thereon for the amount of his fees and disbursements in the case. G. L. c. 221, § 50.

[2, 3] But I do not go with the trustees to the extent of agreeing that Ginsburg has no right to set off his claim for services against the trustees' claim to the dividends in his hands. The contention of the trustees relative to this right of set-off is based on a well-settled doctrine that a simple debt cannot be set off against a quasi fiduciary obligation, such as Ginsburg owed the bankrupt corporation. Western Tie & Timber Co. v. Brown, 196 U. S. 502, 25 S. Ct. 339, 49 L. Ed. 571; Libby v. Hopkins, 104 U. S. 303, 26 L. Ed. 769; Hanover National Bank v. Suddath, 215 U. S. 122, 30 S. Ct. 63, 54 L. Ed. 120.

[4] These cases and others cited by the trustees, however, deal with the rights of creditors other than an attorney at law. That an attorney has a right to set off his claim for compensation against funds in his hands which belong to his client has long been recognized in the courts in this state. Newell v. West, 149 Mass. 520, at page 526, 21 N. E. 954; Blake v. Corcoran, 211 Mass. 406, 97 N. E. 1002.

The Supreme Court of the United States, in considering the right to set-off under section 68a, has pointed out that the object of the provisions of the section was to permit the statement of account between the bankrupt and the creditor, with the view of the application of the doctrine of set-off between mutual debts and credits.

"The provision is permissive, rather than mandatory, and does not enlarge the doctrine of set-off, and cannot be invoked in cases where the general principles of set-off would not justify it. * * * The matter is placed within the control of the bankruptcy court, which exercises its discretion in these cases upon the general principles of equity. * * * It hence appears that the object of this section was to give the district court the right to apply the established principles of set-off to mutual credits, when its action was invoked for that purpose." Cumberland Glass Mfg. Co. v. De Witt, 237 U. S. 447, 35 S. Ct. 636, 59 L. Ed. 1042.

I am inclined to the opinion, in view of Blake v. Corcoran, supra, which this court may well adopt as stating the applicable law, that the right of set-off which Ginsburg asserts in these proceedings is one which comes within the established principles of set-off and was properly recognized by the referee. [5] I attach no controlling importance to the fact that the dividends were kept in a separate account. His obligations to the corporation would have been the same, whether he kept the funds separate, or mingled them with his own. In every case where an attorney has money in his hands belonging to his clients, he assumes a quasi fiduciary relationship with reference to the funds.

The order of the referee is affirmed.