LAURENCE L. DUCLOS *vs.* A. H. PHILLIPS, INC.

Hampden.     September 23, November 3, 1937. — December 1, 1937.

Present: FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Evidence*, Presumptions and burden of proof.

In an action by an employee to recover money deposited by him with the employer as security for possible shortage "as disclosed in the accounts kept" by the employer, the burden was on the employer to prove a shortage.

CONTRACT. Writ in the Superior Court dated June 23, 1931.

The action was tried before *Goldberg*, J. There was a verdict for the plaintiff in the sum of $294.40. The defendant alleged exceptions.

*T. T. Murray*, for the defendant, submitted a brief.
*J. E. Kerigan*, for the plaintiff.

LUMMUS, J. The plaintiff, upon becoming the manager of one of the stores owned by the defendant, deposited with the defendant $200, which was to be applied "against all shortages, arising from any cause whatsoever, as disclosed in the accounts kept" by the defendant, which was to return on demand the balance of the sum deposited with four per cent interest after the end of the employment.

The declaration is in two counts, the first to recover the money deposited, and the second to recover wages for two weeks. Notwithstanding evidence for the defendant that the plaintiff was short in his accounts nearly $300, the jury returned a verdict for the plaintiff for the full amount claimed.

The defendant excepted to the instruction that it had the burden of proving the existence and amount of a shortage in the accounts. That instruction was correct. *White* v. *Middlesex Railroad,* 135 Mass. 216, 221. *Blake* v. *Corcoran,* 211 Mass. 406. The burden being on the defendant, and the jury not being bound to believe its evidence that there was a shortage, its motion for a directed verdict in its favor was properly denied.

*Exceptions overruled.*