CORNELIUS E. HUGHES, Appellant, *v.* FRANK M. MURPHY, INC., and Others, Respondents.

Supreme Court, Appellate Term, Second Department, July 26, 1938.

*Davidson & Mann* [*Cecil A. Citron* of counsel], for the appellant.

*George S. Rader*, for the respondents.

PER CURIAM. Order denying plaintiff's motion for summary judgment unanimously reversed on the law, with ten dollars costs to plaintiff, and motion granted, with ten dollars costs. The matter is remitted to the court below for an assessment of the damages and for the entry of judgment pursuant to rule 113 of the Rules of Civil Practice.

The claim for services rendered by defendant Frank M. Murphy, Inc., to the bankrupt may not be offset by defendants against plaintiff's claim for damages suffered by the bankrupt due to the invalid attachment. These claims are not mutual. While plaintiff's claim is based on contract, that is, the undertaking, nevertheless the foundation of the action is the wrongful seizure of the bankrupt's property. Irrespective of the form of an action, a claim resting on or growing out of a tortious liability may not be diminished by setting off a contractual obligation which is unconnected therewith. Such claims are not held in the same right; they are not mutual; and hence a " set-off is without sanction, either statutory or equitable." (*Morris* v. *Windsor Trust Co.*, 213 N. Y. 27; *Beecher* v. *Vogt Mfg. Co.*, 227 id. 468, 473; *Pink* v. *Title Guarantee & Trust Co.*, 274 id. 167.)

Defendants by means of a setoff will not be allowed to obtain an unlawful preference over creditors of the bankrupt similarly situated. (*Pink* v. *Title Guarantee & Trust Co.*, *supra; Allaire* v. *Silberberg*, 210 App. Div. 109, 114; *Irving Trust Co.* v. *Gunder*, 234 id. 252.)

Summary judgment is proper in this action. While it grows out of a tortious act, it is based upon a contractual undertaking executed pursuant to statute. (Mun. Ct. Code, § 42; Civ. Prac. Act, §§ 819, 907; Rules Civ. Prac. rule 25.) The effect of these statutory provisions is to add to the tortious common-law liability the contractual obligation on the undertaking and to furnish to the one whose property has been wrongfully seized an additional or cumulative remedy based upon the undertaking. In this undertaking defendant corporation is the principal even though it did not affix its signature, while the individual defendants are the sureties. (Rules Civ. Prac. rule 25.) The liability of all the defendants upon the undertaking arises at the same time and is determined by precisely the same events. (Mun. Ct. Code, § 42; Civ. Prac. Act, §§ 819, 907.) Only one cause of action is alleged against all the defendants based upon this undertaking, and hence, summary judgment may properly be granted.

All concur. Present — McCRATE, SMITH and CONWAY, JJ.