ARTHUR GRUENEBAUM, Plaintiff, v. MENO LISSAUER et al., Individually and as Members of the Firm of M. LISSAUER & CIE, et al., Defendants.

Supreme Court, Special Term, New York County, September 23, 1947.

*Schlesinger & Berliner* for plaintiff.

*Paskus, Gordon & Hyman* for N. V. Oxyde Maatschappij Voor Ertsen En Metalen, defendant.

PECORA, J. This motion to dismiss the first and second counterclaims in defendants' amended answer raises the question of the appropriate Statute of Limitations applicable to an action to recover damages as a result of an attachment which has been vacated. Plaintiff asserts that the action is one for an injury to property and therefore governed by the three-year Statute of Limitations provided for in subdivision 7 of section 49 of the Civil Practice Act. Although the precise point has not been adjudicated by our court, defendant relies upon the language in *Hughes* v. *Murphy, Inc.* (169 Misc. 239, 241) as authority for the proposition that the action is contractual, and therefore

governed by the six-year limitations period. (Civ. Prac. Act, § 48, subd. 1.)   In referring to the nature of an action to recover damages from an unauthorized attachment, that court said: " While it grows out of a tortious act, it is based upon a contractual undertaking executed pursuant to statute. (Mun. Ct. Code, § 42; Civ. Prac. Act, §§ 819, 907; Rules Civ. Prac., rule 25.)  The effect of these statutory provisions is to add to the tortious common-law liability the contractual obligation on the undertaking and to furnish to the one whose property has been wrongfully seized an additional or cumulative remedy based upon the undertaking. In. this undertaking defendant corporation is the principal even though it did not affix its signature, while the individual defendants are the sureties. (Rules Civ. Prac., rule 25.)  The liability of all the defendants upon the undertaking arises at the same time and is determined by precisely the same events."

Upon the basis of this pronouncement it would appear that the action is not one in tort based upon an injury to property but one in contract predicated upon an undertaking given pursuant to statute.   The motion to dismiss the counterclaims is, therefore, denied.  Settle order.