### In re SEARLES.

#### (District Court, E. D. New York.   December 6, 1912.)

BANKRUPTCY (§ 326*)—CLAIMS PROVABLE—SET-OFFS.

    A creditor of a bankrupt, who held one note secured by collateral and another which was unsecured, and was proved as such in the bankruptcy proceedings, is entitled, under Bankr. Act July 1, 1898, c. 541, § 68a. 30 Stat. 565 (U. S. Comp. St. 1901, p. 3450), to apply a surplus arising from a subsequent sale of the collateral, as authorized by the pledge, as a set-off on the unsecured note, although no claim therefor was made in his proof.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 514; Dec. Dig. § 326.*]

In the matter of John E. Searles, bankrupt. On motion by the trus tee to require a creditor to pay over a surplus arising from a sale of collateral. Motion denied.

Rounds, Schurman & Dwight, of New York City, for trustee.

Shearman & Sterling, of New York City (John A. Garver, of New York City, of Counsel), for creditor.

CHATFIELD, District Judge. It appears from the papers that the estate of Marcellus Hartley was in the possession of certain collateral, to secure a note for $50,000 given by the bankrupt to the late Marcellus Hartley, and held by his executors until some time after the trustee in bankruptcy had been elected. This collateral was sold in accordance with the admitted power of the executors, and realized some $67,685.21, on March 15, 1905, when the total amount of the debt and interest was $63,000.

The estate of Marcellus Hartley also holds an unsecured note given by the bankrupt for $50,000, upon which it had proven a claim in bankruptcy prior to the time at which the collateral security for the other note was sold. In this proof of claim no mention was made of any security available for any part of the debt represented by the second

note. The trustee in bankruptcy has now made a motion to compel the executor of the Hartley estate to pay over the excess of the collateral above the amount used. This is opposed by the executor, who desires to set off against the claim proven in bankruptcy this surplus, viz., $4,685.21, under section 68 of the Bankruptcy Act, subdivision "a," which reads that:

"In all cases of mutual debits and mutual credits between the estate of a bankrupt and a creditor, the account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed or paid."

It may be assumed that the trustee in bankruptcy has no greater claim to the money than was possessed by the bankrupt, and no greater right to the possession of the collateral which had been pledged. Thompson v. Fairbanks, 196 U. S. 516, 25 Sup. Ct. 306, 49 L. Ed. 577; Zartman v. First National Bank, 216 U. S. 134, 30 Sup. Ct. 368, 54 L. Ed. 418; Hurley v. Atchison, Topeka & Santa Fé, 213 U. S. 126, 29 Sup. Ct. 466, 53 L. Ed. 729. It is evident that, if the collateral had been sold by the holder prior to bankruptcy, the balance could then be applied upon the remaining note, and, in fact, the Hartley estate could have proven a claim in bankruptcy only for the difference. But, conversely, the creditors suggest that the estate is estopped from now claiming as a set-off what it did not claim when the proof of claim was filed.

But the Hartley estate was not bound to devote any of the collateral held for the first note to the payment of the second, unless a surplus resulted. As a surplus resulted, it is bound to account therefor in full, but only as for money in its possession. Whether such sum can be used as a set-off is not answered by the proposition that the creditor, who has paid a debt out of his security, is in the position of a trustee until he has accounted for the balance received by him. The question depends rather upon the method of accounting, and the creditor cannot be estopped, unless some act has resulted from the position he has taken in his proof of claim, by which the rights of the other creditors have been changed. If the Hartley estate had stated in the proof of claim that certain negotiable securities were in their possession, for which they were accountable, they could have claimed also the right to a proper use of those securities as a set-off.

The present motion would not have been brought in that event, although upon principle, if the bankrupt estate is entitled to deny the right of set-off, the Hartley estate would have been obliged to pay over any such securities in full, and would have had only a proof of claim for the total amount owing upon the second note.

The trustee in bankruptcy suggests that the sale of more stock than was necessary was a conversion, and that pledged property cannot be applied to satisfy another debt. Armstrong v. McLean, 153 N. Y. 490, 47 N. E. 912. Even then, the right to set off the debt against damages for conversion would be only a question of amount, based upon the value of the property converted. But, under the power of attorney in this case, no conversion is shown, and no reason exists

why the creditor cannot apply one fund on account of another debt owing by the bankrupt to the creditor.

The trustee in bankruptcy has cited Jones v. Smith, 2 Vesey, Jr. 372; but it is pointed out by the executor of the Hartley estate that the English statute and the United States Bankruptcy Act of 1867 (Act March 2, 1867, c. 176, 14 Stat. 517) did not allow set-off by a debt due to the bankrupt estate, but only one due to the bankrupt. But see Ex parte Whiting, Fed. Cas. No. 17,573.

In Western, etc., Co. v. Brown, 196 U. S. 502, 25 Sup. Ct. 339, 49 L. Ed. 571, a certain amount reserved as security from laborers' wages was held to be a trust fund, unavailable for the purpose of mutual debit and credit. But the nature of that fund was the basis for declaring the trust, and the fact that no set-off was allowed after bankruptcy intervened is not applicable to all funds which might be used.

In Libby v. Hopkins, 104 U. S. 303, 26 L. Ed. 769, a trust fund to be used for paying a specific mortgage was held unavailable for application upon a general debt of the agent holding the fund. Such a use of a trust fund would constitute a tort or crime, and naturally would not be countenanced in bankruptcy or elsewhere.

There seems to be nothing either in reason or authority holding that, aside from the case of possible estoppel, a set-off, as between a debit and credit of the bankrupt, should not be applied between the bankrupt estate and the creditor, and, as has been said, no element of estoppel has been shown.

The motion will be denied, and the claim of the Hartley estate will be amended in accordance herewith.