756

## In re AUTLER.

District Court, S. D. New York.
June 8, 1938.

Charles Seligson, of New York City, for trustee.

Bernard A. Finkel, of New York City, for respondent.

PATTERSON, District Judge.

The trustee in bankruptcy of one Autler brought a summary proceeding for the recovery of electric meters from 48th Street Realization Corporation. The matter was tried on conceded facts. The referee ordered the respondent to surrender the property to the trustee.

The bankrupt installed meters in a building at 48 West 48th Street, New York City, under an agreement with the owner of the building.· By the agreement the bankrupt was to install meters and submeters in the building, all such equipment to remain his property, was to pay all bills for electric current furnished by the New York Edison Company and to collect all bills for electric current from the tenants of the building. The profits, being the difference between the amounts paid to the New York Edison Company and the amounts collected from the tenants, were to be divided equally between the bankrupt and the owner. In January 1937 it developed that the bankrupt·was in arrears on payments due the New York Edison Company for electric current as well as in arrears on certain taxes, the arrears coming to $4500, although he had collected from the tenants, and the then owner of the building cancelled the agreement. The bankrupt's failure to perform his agreement damaged the owner to the extent of $4,500, an amount greater than the value of the meters. The owner concedes that title to the meters was in the bankrupt and that the agreement gives it no lien on· them. Its position is simply that under section 68a of the Bankruptcy Act, 11 U.S.C.A. § 108(a), it has the right to set off its claim of $4,500 against the trustee's demand for surrender of the property.

By section 68a mutual debts or credits between the bankrupt estate and a creditor shall be set off and the balance only allowed or paid. The section has application only to cases where the bankrupt and the creditor "owe" one another. Ivanhoe Building & Loan Ass'n v. Orr, 295 U. S. 243, 55 S.Ct. 685, 79 L.Ed. 1419. It does not bear on cases where the bankrupt's property is in possession of a creditor as bailee or trustee, without color of lien. In those cases the creditor, when sued for return of the property or for its value, will not be allowed to set off a claim for breach of contract against the bankrupt. Libby v. Hopkins, 104 U.S. 303, 26 L.Ed. 769; Western Tie & Timber Co. v. Brown, 196 U.S. 502, 25 S.Ct. 339,. 49 L.Ed. 571; Alvord v. Ryan, 8 Cir., 212 F. 83; Morris v. Windsor Trust Co., 213 N.Y. 27, 106 N.E. 753, Ann.Cas.1916C, 972; Hockman v. Elliott & Myers, 107 Neb. 280, 185 N.W. 433; Lynchburg Motor Co. v. Thomasson, 141 Va. 153, 126 S.E. 64. The case of In re Searles, D.C.N.Y., 200 F. 893, decided in the Eastern District, is the other way but cannot be supported. The dictum in Murray v. Riggs, 15 Johns., N.Y., 571, 592, to

the effect that the mutual credit extends to all cases where the creditor has goods of the debtor in his hands, was based on the old case of Ex parte Deeze, 1 Atk. 228, long since overruled. See Libby v. Hopkins, supra. Here the respondent did not "owe" the bankrupt the meters. The meters were the bankrupt's property. By concession the respondent has no lien on them. Yet the respondent is endeavoring to get what is in effect a lien by claiming a set-off. The set-off is not one of those allowed by section 68a. The referee's order was right and will be affirmed.