### In re SANDY'S NOVELTY CORP.
### No. 84262.

United States District Court,
S. D. New York.
July 22, 1946.

Leo Blatt, Hollis, N. Y., for respondent Rebecca Levy.

Herman Haken, Hillside, N. Y., for trustee.

CAFFEY, District Judge.

There were two chattel mortgages on the same property. The second was not filed and did not become a lien. In consequence, there was no mutuality or set-off within the terms of Section 68, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 108, sub. a.

The entire mortgaged property sold for $1,502. The property, which carried with it a lien plus any expenses, sold for a net $1,067.69. This left a surplus of $434.31. The question is to whom that sum, or any part thereof, should be paid.

In Libby v. Hopkins, 104 U.S. 303, 309, 26 L.Ed. 769, the matter was discussed. What was there said seems squarely to apply to this matter. The statement is as follows:

> "To authorize a set-off, there must be mutual credits or mutual debts. The remitting by Hopkins to the plaintiffs in error of certain money assets, to be applied by them according to his instructions, did not make the plaintiffs in error his debtors, but his trustees. So that there were in the case no mutual credits or debts. The indebtedness was all on the side of Hopkins. The plaintiffs in error owed him nothing. They held his money in trust to apply it as directed by him."

See also In re Autler, D.C.S.D.N.Y., 23 F.Supp. 756, 757 left column; and Gerseta Corp v. Equitable Trust Co., 241 N.Y. 418, 424, 150 N.E. 501, 43 A.L.R. 1320.

Referee confirmed. Settle order on two days' notice.