Margaret T. BRENNAN, Administratrix of the Estate of Mary Daly, late of New Haven, Connecticut, deceased, Plaintiff,

v.

The UNITED STATES of America, Defendant.

Civ. No. 4981.

United States District Court, D. Connecticut, Civil Division.

Oct. 4, 1954.

Bronson, Rice & Lyman, New Haven, Conn., for plaintiff.

Simon S. Cohen, U. S. Atty., Hartford, Conn., Francis J. McNamara, Jr., Asst. U. S. Atty., New Haven, Conn., H. Brian Holland, Asst. Atty. Gen., Andrew D. Sharpe, and Frederic G. Rita, Special Assts. to Atty. Gen., for defendant.

ANDERSON, District Judge.

Mary Daly, of New Haven, Connecticut, now the decedent, in her lifetime on January 18, 1939, transferred to St. Raphael's Hospital, New Haven, under an indenture of trust, $13,000, which at her death on July 10, 1947, had a value of $14,097.44. The indenture directed that the hospital set aside a room to be named the "Robert Duggan Daly Room" in memory of Mary Daly's brother. It further provided that the income from the trust be used to maintain the room and to provide hospital care for the donor or others designated by her during her lifetime, and that after donor's death, the income was to be used for hospital care for the "descendants of her parents"; but if all of the income were not used up in caring for said descendant-beneficiaries during the course of a given year, the balance of that year's income should be added to the next year's income or be applied to the hospital's use, as the hospital might decide.

The defendant claims that the remainder interest to the descendants of the donor's parents is void because it violates the rule against perpetuities and that the trust, not being exempt under Title 26 U.S.Code, § 812(d), is subject to the estate tax under Title 26 U.S. Code, § 811.

The plaintiff concedes that the provisions in favor of the descendant-beneficiaries are void under the rule against perpetuities; but she claims that once the void provisions for these private beneficiaries are removed, the provisions for payment of any balance left over annually after descendant-beneficiaries are taken care of for the use of the hospital, is a transfer to a charity exempt under Section 812(d), supra. The plaintiff urges that the charitable provisions for the hospital were vested

from the inception of the trust and should be considered as standing alone, because from the trust instrument the relevant portions of which are made a part of the complaint, she claims it is manifest that the donor's primary purpose was to apply the trust res to charitable uses.

A motion to dismiss under Rule 12(b) (6) of the Federal Rules of Civil Procedure, 28 U.S.C., is designed to test the legal sufficiency of the complaint and the properly pleaded allegations of the complaint are, for this purpose, admitted. The material facts are contained in the pertinent portions of the trust instrument executed by Mary Daly as set forth in the exhibit "A" attached to and incorporated in the complaint. The allegations of paragraph 7 of the complaint consist of conclusions of law.

It is the conclusion of the court that the provision in favor of the hospital is neither designed to stand, nor can it stand alone; rather it is contingent, both in right and enjoyment, upon full care being first provided for the descendant-beneficiaries during each year. It is perfectly plain that it is only at the end of the year and on the contingency that some of the income might be left over after the necessities of the descendant-beneficiaries had been fully taken care of that the hospital could have any use of any part of the income, and then, only of that portion of annual income which was left over. The emphasis of the trust is overwhelmingly in favor of providing for the descendant-beneficiaries; it only incidentally makes provision for the hospital. The preamble of the trust in which its purposes are initially set forth does not even mention any provision for the general purposes of the hospital. As the incidental charitable use is tied to and contingent upon a void remainder, the entire transfer is taxable. Coit v. Comstock, 51 Conn. 352. As the donor's primary purpose was to benefit the descendant-beneficiaries and not to apply the property to charitable purposes, the present case can not be brought within the rule that an entire trust will not fail where a non-charitable purpose has been declared void but where it can also be found that the donor's primary purpose is to apply the property to charitable uses. Wilson v. D'Atro, 109 Conn. 563, 145 A. 161; and Colonial Trust Co. v. Brown, 105 Conn. 261, 135 A. 555.

The motion to dismiss is, therefore, granted and judgment may enter for the defendant.