Joseph A. BRUST, as Trustee in Bankruptcy of George Sokoloff, individually, and doing business as Concourse Music Company, Plaintiff,

v.

Walter R. STURR, Collector of Internal Revenue for the Fourteenth District of New York, Defendant.

United States District Court,
S. D. New York.

Feb. 8, 1955.

Reich, Peller, Guadagno & Caine, New York City, for plaintiff, A. Alan Reich, New York City, of counsel.

J. Edward Lumbard, U. S. Atty. for the Southern Dist. of New York, New York City, for defendant, Eliot H. Lumbard, New York City, of counsel.

PALMIERI, District Judge.

The parties have made cross motions for summary judgment. The facts are not in dispute.

In the morning of October 25, 1951, almost all of the assets of George Sokoloff, doing business as Concourse Music Company, were seized by defendant, then Collector of Internal Revenue for the Fourteenth District of New York, pur-

suant to three warrants for distraint. With interest and penalties, they totaled $12,805.34. Prior to this date, notices of lien for the taxes due had been filed in the office of the Register of Bronx County where the property seized was located. A few hours after the seizure, and on the same day, Sokoloff filed a petition in bankruptcy in this court.

The three warrants having been satisfied out of the property seized, the present dispute arises out of the conflicting claims of the plaintiff-trustee in bankruptcy and the defendant-Collector to the surplus of $12,748.47 which resulted from the sale of the assets seized. The parties agreed to the sale and to the retention of the proceeds by the defendant until a judicial determination could be made with respect to its disposition. The parties expressly reserved any rights either of them may have had at the time of the filing of the voluntary petition in bankruptcy.

The defendant's claim to the surplus rests squarely upon the right of set-off defined by Section 68 of the Bankruptcy Act. If the defendant can sustain this right of set-off, he would be entitled to the entire surplus since Sokoloff owed additional taxes which exceeded the amount of the surplus. With respect to such additional taxes, however, no warrants of distraint were issued nor were notices of lien filed as of the date of bankruptcy.

Section 68 of the Bankruptcy Act provides as follows:

Section 68 of the Bankruptcy Act, 11 U.S.C. § 108, 11 U.S.C.A. § 108. Set-Offs and Counterclaims:

"(a)—In all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor the account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed or paid.

"(b)—A set-off or counterclaim shall not be allowed in favor of any debtor of the bankrupt which (1) is not provable against the estate and allowable under subdivision g of Section 57 of this Act; or (2) was purchased by or transferred to him after the filing of the petition or within four months before such filing, with a view to such use and with knowledge or notice that such bankrupt was insolvent or had committed an act of bankruptcy."

Upon the argument, it was conceded that no objection could be raised under subsection b. The sole question raised was whether under the circumstances here presented there were "mutual debts or mutual credits" amenable to set-off one against the other within the purview of Section 68, sub. a.

The salutary purpose of Section 68, sub. a in relation to bankruptcy procedure has been long recognized. Studley v. Boylston Nat. Bank, 1913, 229 U.S. 523, 33 S.Ct. 806, 57 L.Ed. 1313; 4 Collier on Bankruptcy § 68.02 (14 ed.1942). It provides an expeditious means for arriving at the proper financial relationship between a bankrupt and his creditor by permitting a set-off between mutual debts and credits so that only the balance need be paid. Thus, the fruitless procedure of "making A pay B what B owes A", Studley v. Boylston Nat. Bank, supra, 229 U.S. at page 528, 33 S.Ct. at page 808, is avoided.

The authorities on this subject are in conflict. The case principally relied upon by the Government is Gibson v. Central Nat. Bank of McKinney, 5 Cir., 1948, 171 F.2d 398. In that case a bank advanced money against collateral consisting of 10,000 bushels of corn. Upon the bankruptcy of the borrower, the bank sold the corn and applied the proceeds of the sale to the debt secured by the collateral. There was a balance, and the bank proposed to set off the balance against another indebtedness owed to it by the bankrupt. Upon suit by the trustee in bankruptcy to compel the bank to transfer the balance resulting from the sale to the bankrupt estate, the Court sustained the bank's right of set-off.

The decision in the Gibson case is not in accord with the law in this district as

expressed by Judge Patterson in In re Autler, D.C.S.D.N.Y.1938, 23 F.Supp. 756. In that case the bankrupt had installed electric meters in a building and was under an obligation to pay for the electric current furnished to the building. The bankrupt, in turn, was required to collect all the electric bills from the tenants. By the terms of his agreement, the bankrupt was to retain title to the meters. The bankrupt failed to make payments to the utility company for the electric current and the building owner was subsequently obliged to make such payments. The trustee commenced summary proceedings for recovery of the meters and the building owner attempted to set off the meters against its claim for the moneys paid to the utility company. Judge Patterson found against the building owner and held that there was no such right of set-off. He stated:

"By section 68 [, sub. a] mutual debts or credits between the bankrupt estate and a creditor shall be set off and the balance only allowed or paid. The section has application only to cases where the bankrupt and the creditor 'owe' one another. Ivanhoe Building & Loan Ass'n v. Orr, 295 U.S. 243, 55 S.Ct. 685, 79 L.Ed. 1419. It does not bear on cases where the bankrupt's property is in possession of a creditor as bailee or trustee, without color of lien. In those cases the creditor, when sued for return of the property or for its value, will not be allowed to set off a claim for breach of contract against the bankrupt. Libby v. Hopkins, 104 U.S. 303, 26 L.Ed. 769; Western Tie & Timber Co. v. Brown, 196 U.S. 502, 25 S.Ct. 339, 49 L.Ed. 571; Alvord v. Ryan, 8 Cir., 212 F. 83; Morris v. Windsor Trust Co., 213 N.Y. 27, 106 N.E. 753, Ann. Cas.1916C, 972; Hockman v. Elliott & Myers, 107 Neb. 280, 185 N.W. 433; Lynchburg Motor Co. v. Thomasson, 141 Va. 153, 126 S.E. 64. The case of In re Searles, D.C.N.Y., 200 F. 893, decided in the Eastern District, is the other way but cannot be supported. The dictum in Murray v. Riggs, 15 Johns., N.Y., 571, 592, to the effect that the mutual credit extends to all cases where the creditor has goods of the debtor in his hands, was based on the old case of Ex parte Deeze, 1 Atk. 228, long since overruled. See Libby v. Hopkins, supra. Here the respondents did not 'owe' the bankrupt the meters. The meters were the bankrupt's property. By concession the respondent has no lien on them. Yet the respondent is endeavoring to get what is in effect a lien by claiming a set-off. The set-off is not one of those allowed by section 68 [sub. a]. * * *" In re Autler, supra, 23 F.Supp. at pages 756–757.

■■ I believe this case is controlled by In re Autler, supra. It is quite true that the tax claim asserted by the Government against the bankrupt is a debt. But the bankrupt's claim against the Government is not a debt, and therefore this is not a case "where the bankrupt and the creditor 'owe' one another." In re Autler, supra, 23 F.Supp. at page 756. The trustee is not seeking to recover moneys due, for example, on contract by the United States to the bankrupt. If this were such a suit, the Government could properly set off any debts represented by tax claims. Such a situation would present a true setting off of mutual debts. In this case, however, the Government's seizure and its consequent possession of the balance which is here the subject of dispute resulted from the assertion of its rights as a secured creditor. Having come into possession of such a balance by such adventitious circumstances it cannot claim any greater rights than it was entitled to in the first instance as a result of its being a secured creditor. To put the matter differently, if the warrants of distraint had been executed against a bank account of Sokoloff, there could be no claim that the warrants could have provided the United States with any more than the amounts called for on the face of the warrants (with such interest and penal-

ties as would have been appropriate). If the bank accounts had any more money, such excess would have escaped the force of the distraint. The balance here involved is comparable to such excess funds as might have remained if the warrants had been levied against the bank accounts. In short, at the instant of bankruptcy, the defendant Collector had already satisfied the liens of the United States out of the assets and he possessed no rights with respect to the balance other than those of an unsecured creditor. His possession of the balance was fortuitous and as an unsecured creditor the Bankruptcy Act provides for the degree of priority to which he is entitled. See Bankruptcy Act, § 64, 11 U.S.C.A. § 104.

Plaintiff's motion for summary judgment is granted.

Defendant's motion for summary judgment is denied.