237 F.2d 135
 56-2 USTC P 9954
 Joseph A. BRUST, as Trustee in Bankruptcy of George
Sokoloff, individually, and doing business as
Concourse Music Company, Plaintiff-Appellee,
v.
Walter R. STURR, Collector of Internal Revenue for the 14th
District of New York, Defendant-Appellant.
 No. 374, Docket 23920.
 United States Court of Appeals Second Circuit.
 Argued June 5, 1956.
Decided Sept. 25, 1956.
 
 Howard Shugerman, New York City, for plaintiff-appellee.
 Eliot H. Lumbard, Asst. U.S. Atty., Southern Dist. of New York, New York City (Paul W. Williams, U.S. Atty., New York City, on the brief), for defendant-appellant.
 Before CLARK, Chief Judge, and HINCKS and WATERMAN, Circuit Judges.
 HINCKS, Circuit Judge.
 
 
 1
 This is an action brought by a trustee in bankruptcy against the Collector of Internal Revenue to require him to pay over the surplus of moneys in his hands derived from a sale of distrained property of the bankrupt. The facts have been stipulated and are as follows:
 
 
 2
 The bankrupt owed $39,627.75 in income, withholding, social security and unemployment taxes, falling within three categories as follows:
 
 
 3
 1. $12,805.34 on which tax assessments had been made and notices of lien filed prior to bankruptcy.
 
 
 4
 2. $4,932.27, the assessment lists of which had been received by the Collector, prior to bankruptcy. However, no demand for the payment of these taxes and no notice of lien to recover payment thereof had been filed prior to bankruptcy.
 
 
 5
 3. $21,890.14 which was due but not assessed prior to bankruptcy.
 
 
 6
 Pursuant to blanket warrants of distraint covering the tax indebtedness falling in category 1, the Collector prior to bankruptcy made levy on all the assets of the debtor and after bankruptcy, pursuant to stipulation with the trustee in bankruptcy, sold the same, realizing $25,553.81 from the sale.
 
 
 7
 The Collector by motion for summary judgment sought a judgment entitling him to retain the entire proceeds of the sale. The trustee, also by motion for summary judgment, although conceding that the Collector has a right to $12,805.34, which represents the amount of taxes falling in category 1, sought recovery of the remainder of the proceeds of the sale, thus leaving to the Collector only the right of an unsecured creditor to claim against the estate for unpaid taxes falling in categories 2 and 3 with such priority as the Bankruptcy Act, 11 U.S.C.A. 1 et seq., accords to such claims.
 
 
 8
 The District Judge denied the defendant's motion and by granting the plaintiff's motion awarded the entire surplus of the proceeds in excess of $12,805.34 to the trustee. The Collector appeals from that judgment.
 
 
 9
 The Collector contends that as to the taxes falling within category 2, he had an enforceable lien as of the date of bankruptcy and is entitled to retain $4,932.27 as a secured creditor. The trustee concedes that under Section 3671 of the Internal Revenue Code of 1939, 26 U.S.C. 3671, at least an imperfect and inchoate tax lien arose when the Collector received the assessment list, but because no notice of lien had been filed and no demand made prior to bankruptcy he contends that under Section 3672 of the Internal Revenue Code (1939), 26 U.S.C. 3672, the lien is invalid as to him.
 
 
 10
 We think that on this issue our former opinion in United States v. Sands, 2 Cir., 174 F.2d 384, requires a holding adverse to the trustee. Here, as in that case, we hold that the Government's status as a lienor was perfected by a lawful acquisition of possession of the property on which the lien arose. Although in the case now before us there are obviously minor differences in the circumstances which gave rise to the acquisition of possession, none are significant: the basic principle of Sands is applicable. See also Goggin v. Division of Labor Law Enforcement of California, 336 U.S. 118, 69 S.Ct. 469, 93 L.Ed. 543.
 
 
 11
 Even without reliance on the Sands case as the basis of our holding as to this item, we may reach the same result by a different approach. As we observed in United States v. Kings County Iron Works, 2 Cir., 224 F.2d 232, 237, 'The mere attachment of the government's lien gives it a fully perfected claim superior to all except mortgagees, pledgees, purchasers, or judgment creditors of the taxpayer',-- classes excepted by 3672. And under the doctrine of United States v. Gilbert Associates, 345 U.S. 361, 73 S.Ct. 701, 97 L.Ed. 1071-- a case decided subsequent to our Sands decision-- we think a trustee in bankruptcy is not a 'judgment creditor' within the meaning of that section. See also United States v. Scovil, 348 U.S. 218, 75 S.Ct. 244, 99 L.Ed. 271.
 
 
 12
 We conclude that as to this item of $4,932.27, the judgment below must be reversed.
 
 
 13
 This brings us to category 3 which involves Government claims for taxes which are concededly due and unsecured. The Collector contends that Section 68, sub. a of the Bankruptcy Act, 11 U.S.C.A. 108,[1] allows him to set-off the surplus from the distraint sale against these unsecured claims.
 
 
 14
 It is true that the taxes due were a debt; as to the Collector the bankrupt stood as a debtor. But we think that the accountability of the Collector for the surplus in his hands remaining after the satisfaction of valid tax liens was not such a mutual debt as was envisaged by 68, sub. a. In making his levy he surely incurred no 'debt': he did not thereupon 'owe' the bankrupt the amount which he later, after the intervention of bankruptcy, realized from the sale of the liened property. Ivanhoe Building & Loan Ass'n v. Orr, 295 U.S. 243, 55 S.Ct. 685, 79 L.Ed. 1419; McDaniel Nat. Bank v. Bridwell, 8 Cir., 74 F.2d 331. On the intervention of bankruptcy the Collector was subject only to a contingent liability, viz., to account to the bankrupt for so much of his property as should not be required to satisfy the lien under process of enforcement by distraint. This contingency did not fall in until after bankruptcy: not until then did it develop that there would be any surplus for which the Collector was accountable. We agree with Judge Palmieri that the necessary mutuality was absent. In re Sandy's Novelty Corp., D.C., 116 F.Supp. 132, and In re Autler, D.C., 23 F.Supp. 756. See also Libby v. Hopkins, 104 U.S. 303, 26 L.Ed. 769, and Morris v. Windsor Trust Co., 213 N.Y. 27, 106 N.E. 753. Gibson v. Central Nat. Bank of McKinney, 5 Cir., 171 F.2d 398, as we read the opinion, is distinguishable in that there the creditor had realized on its security prior to the intervention of its debtor's bankruptcy. As to this item, we affirm the holding below.
 
 
 15
 Reversed and remanded for entry of a judgment modified to conform with this opinion.
 
 
 
 [1]
 Section 68, sub. a provides that 'In all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor the account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed or paid.'