**Matter of TECHCRAFT, INC., Bankrupt.**

United States District Court
S. D. New York.
July 29, 1959.

Alexander H. Rockmore, New York City, for Trustee in Bankruptcy.

S. Hazard Gillespie, Jr., U. S. Atty., New York City, Renee J. Ginsberg, New York City, of counsel, for the United States.

PALMIERI, District Judge.

This is a petition brought by a Trustee to review an order of a Referee in Bankruptcy. The Referee ruled that he lacked jurisdiction to grant the Trustee's request for a direction pursuant to Section 57, sub. g of the Bankruptcy Act, 30 Stat. 560 (1898), as amended, 11 U.S. C.A. § 93 (1952), expunging claims of the United States against the bankrupt unless the United States first pays over an amount alleged to constitute a void transfer or voidable preference. The Trustee seeks a reversal of this ruling while the respondent, United States, urges that the Referee's order be confirmed.

Before filing a voluntary petition for arrangement, the bankrupt commenced performance of a contract with the United States. After filing, the contract, as

modified, was completed by the bankrupt as debtor in possession. A settlement of the amount due from the United States was approved by the Court. Subsequently, the United States refused to make payment and claimed a right to retain the amount due on the contract as a set-off against the bankrupt's indebtedness for taxes which had accrued prior to the filing of the petition for arrangement.

■ The respondent's claim of lack of jurisdiction rests on the proposition that the requested relief would be tantamount to the entry of judgment against the sovereign in a case in which it has withheld consent to be sued. The bare use of the term "creditor," without specific reference to the United States, in the definition of a preference set forth in section 60, sub. a(1), 11 U.S.C.A. § 96, is relied upon as expressive of a congressional intent to insulate the United States from the operation of section 57, sub. g. That section provides, "claims of creditors who have received * * * preferences * * * voidable under this Act, shall not be allowed unless such creditors shall surrender such preferences * * *." See Abeken v. United States, D.C.E.D. Mo.1939, 26 F.Supp. 170.

The statutory text will not bear the interpretation urged by respondent. If, as contended, sections 60 and 57, sub. g, are not to be applied against the United States for want of consent, there would be no reason for the specific provision of section 67, sub. b, 11 U.S.C.A. § 107, which exempts from section 60 only "statutory liens for taxes and debts owing to the United States," and not claims for taxes generally.

■ Since the papers presented with the petition do not show that the taxes due were assessed prior to bankruptcy section 67, sub. b, in the present posture of the case, cannot be invoked by respondent. Although the Government's status as a lienor may be perfected by a lawful acquisition of the possession of property on which a lien has arisen, without the filing of notice of the lien or the making of a demand prior to

bankruptcy, see United States v. Sands, 2 Cir., 1949, 174 F.2d 384, no lien arises for taxes concededly due but not assessed prior to bankruptcy, and such claims remain unsecured. Brust v. Sturr, 2 Cir., 1956, 237 F.2d 135.

■■ It should be noted that an order disallowing the tax claims unless the amount due on the contract is paid over would not constitute an affirmative judgment against the United States. Compare United States v. Roth, 2 Cir., 1948, 164 F.2d 575 with Danning v. United States, 9 Cir., 1958, 259 F.2d 305. The tax claims exceed the amount due under the contract. If the tax claims were disallowed, a subsequent discharge would not release the bankrupt from liability for the amount due. See § 17, sub. a(1), 11 U.S.C.A. § 35.

■ Since the Referee disposed of the application on the jurisdictional ground, he did not reach a further defense set up by respondent—that section 68, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 108, permits the Government to set off the amount due on the contract against its claim for taxes. The tax claim accrued against the bankrupt prior to filing the petition; the claim against respondent arose in favor of the bankrupt as debtor in possession after the petition was filed. Therefore the mutuality necessary for set-off is absent. E. g., Brust v. Sturr, supra; In re Autler, D.C.S.D.N.Y.1938, 23 F.Supp. 756. And see Bankruptcy Act, § 342, 11 U.S. C.A. § 742, which equates the position of the debtor in possession to that of a trustee.

Respondent has failed to show that it is entitled to have its claim passed upon in a plenary suit. See Cline v. Kaplan, 1944, 323 U.S. 97, 65 S.Ct. 155, 89 L.Ed. 97. A right to set off is asserted. No claim of ownership or lien has been shown and no defense based on want of summary jurisdiction appears to have been made before the Referee. Nor would it be reasonable to interpret 18 Stat. 481 (1875), as amended, 31 U.S. C.A. § 227 (1952), as applicable to upset

the operation of the distribution provisions set forth in the Bankruptcy Act.

The order of the Referee denying the relief requested for lack of jurisdiction is reversed and the matter is returned for further proceedings not inconsistent herewith.

So ordered.