Paul L. MOSKOWITZ, Trustee in Bankruptcy of the Riverside Painting Co., Inc., Bankrupt, Plaintiff,

v.

E. J. NELSON, District Director of Internal Revenue, an agency of the United States Treasury, Defendant.

No. 61-C-209.

United States District Court
E. D. Wisconsin.

March 25, 1963.

John Ottusch, Grootemaat, Cook & Franke, Milwaukee, Wis., for plaintiff.

John Beggan, Tax Division, Dept. of Justice, Washington, D. C., James B. Brennan, U. S. Atty., Milwaukee, Wis., for defendant.

TEHAN, Chief Judge.

Defendant has filed a motion to dismiss plaintiff's complaint on two grounds:

1.   The complaint fails to state a cause of action on which relief can be granted.

2.   The action is, in effect, one against the United States, and the United States has not consented to be sued in a proceeding of this nature.

After the oral argument, further briefs were submitted by counsel for the parties and affidavits filed. The court has considered the pleadings, arguments of counsel and briefs and affidavits, and is prepared to make its decision.

Plaintiff, as Trustee in Bankruptcy of the Riverside Painting Co., Inc. brings this action to avoid a preference and to recover a property transfer. Jurisdiction of these proceedings is claimed under provisions of § 60, sub. b of the Bankruptcy Act, 11 U.S.C.A. § 96, sub. b, § 67, subs. b and c of the Bankruptcy Act, 11 U.S.C.A. § 107, subs. b and c, and § 70, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. a, and 28 U.S.C.A. § 1346.

The complaint alleges that certain creditors of Riverside Painting Company, Inc., formerly known as Peter P. Woboril, Inc., on March 23, 1960, filed a bankruptcy petition in this district. On August 28, 1959 and November 27, 1959, defendant as District Director of Internal Revenue, assessed taxes against the bankrupt for unpaid social security and withholding taxes in an amount in excess of $20,000; that within four months prior to the filing of the bankruptcy petition, the bankrupt for and on account of an antecedent indebtedness, said bankrupt then being insolvent, assigned certain of its accounts receivable to defendant. A copy of the assignment attached to the complaint as Exhibit A, recites:

"That, for value received, PETER P. WOBORIL, INC., a Wisconsin corporation, has assigned, transferred and set over, and does hereby assign, transfer and set over unto the District Director of Internal Revenue, E. J. Nelson, and to The Woboril Company, a Wisconsin corporation, all sums which may now be due or which may hereafter become due from its several debtors designated on several lists of accounts heretofore furnished to the Internal Revenue Service, and to The Woboril Company, which are incorporated

herein by reference as though specifically set forth herein, in the approximate total amount of $58,000.-00, including all amounts which may become due to it from Brant & Nielson Co. under the Sales Agreement of February 12, 1960, likewise incorporated herein by reference, it being understood and agreed that the above mentioned assignees in the order of the above mentioned priority shall for their own use and benefit demand, collect and receive and adjust the indebtedness due upon the said several accounts, so that the District Director shall first satisfy all claims of the Internal Revenue Service with respect to the assignor, including interest and penalties, in the approximate amount of $40,000, and that thereafter, The Woboril Company shall satisfy all claims due it from the assignor in the approximate amount of $12,800.00, together with interest thereon, by reason of its assuming the obligation of the assignor to Auto Acceptance & Loan Corporation under a certain chattel mortgage note and chattel mortgage upon the physical assets of the assignor, and that upon the full payment and satisfaction of the aforesaid claims of the assignees all accounts of the assignor so assigned thereunder shall revert back to the assignor, or its further assigns.

"This assignment is made as security to indemnify the said District Director of Internal Revenue for any waivers or forebearance made by the Internal Revenue Service with respect to the collection of its claims against the assignor; and to indemnify The Woboril Company for the aforesaid assumption of chattel mortgage lien obligation and the subrogation of the same to the claims of the Internal Revenue Service."

The assignment of accounts is dated February 15, 1960, and signed by Peter P. Woboril, Sr., President, and Genevieve B. Woboril, Secretary.

The assignment of the chattel mortgage attached to the complaint as Exhibit B, recites that Peter P. Woboril, Inc.:

" * * * does hereby sell, assign, transfer and set over unto, first, the District Director of Internal Revenue, R. J. Nelson, and secondly, The Woboril Company, a Wisconsin corporation, that certain chattel mortgage made, executed and delivered by Brant & Nielson Co., of the City and County of Milwaukee, State of Wisconsin, to Peter P. Woboril, Inc., together with the indebtedness thereby secured and unpaid thereon, which indebtedness said Corporation covenants to be in the sum of $30,-000.00, said chattel mortgage being dated February 23, 1960, * * * and the said Corporation hereby gives to the said District Director of Internal Revenue, E. J. Nelson, firstly, and the said The Woboril Company, secondly, and in that priority, their representatives and assigns, the full power and authority, for their own use and benefit, to ask, demand, collect, receive and give acquittance or satisfaction for the amount of said mortgage or any part thereof, and to bring or prosecute, at law or equity, any proceedings thereon, and to foreclose the same in their own respective name or names; the order of said priority between the respective assignees to be that the said District Director of Internal Revenue, E. J. Nelson, shall first satisfy all claims due the Internal Revenue Service from the assignor, together with interest and penalties thereon, and then The Woboril Company shall satisfy itself for all claims it may have by reason of its buying and releasing a certain chattel mortgage of this assignor made to Auto Acceptance & Loan Corporation, on the 7th day of May, 1959, which said mortgage was duly filed in the office of the said Register of Deeds on the 14th day of May, 1959, as Document No. 1817046; said The

Woboril Company having subrogated its priority under said original chattel mortgage (to Auto Acceptance & Loan Corporation) to the District Director of Internal Revenue, E. J. Nelson."

The assignment is dated February 25, 1960, and signed by Peter P. Woboril, Sr., President, and Genevieve B. Woboril, Secretary, on behalf of Peter P. Woboril, Inc.

The complaint alleges that the effect of said assignments of accounts receivable and the chattel mortgage was to enable the defendant to obtain a preference of money due the bankrupt from said creditor, and that at the time of such transfer, defendant had reason to believe the bankrupt was insolvent. The complaint further alleges that defendant has collected and has in his possession certain amounts paid to defendant by debtors of the bankrupt in the total amount of $1511.32 and that none of those accounts were in the possession of the defendant at the time of filing of the bankruptcy petition herein.

The complaint also sets forth that the defendant, prior to the filing of the petition in bankruptcy, levied on certain of the accounts receivable by serving a notice of levy but that subsequent to and on the date of filing of the petition for bankruptcy, these levies were released, that subsequent to release of the levies and subsequent to filing of the bankruptcy petition, the respective debtors paid the defendant sums in the amount of $5588.-65, and said accounts at all times after releases of levies and at the time of the payment of the sums were not in the possession of the defendant within the meaning of § 67, sub. c of the Bankruptcy Act; that the debts owing bankrupt constituted personal property and were not accompanied by possession of the United States or the defendant at the time moneys were paid by the debtors to the defendant, and that pursuant to § 67, sub. c of the Bankruptcy Act, the lien of the United States and the defendant is postponed in payment to claims for preferred wages and for expenses of administration. The complaint further alleges that bankrupt was indebted for wage claims for an undetermined sum for wages earned within four months of the filing of the bankruptcy. Plaintiff does not allege the existence of any other liens, statutory or consensual, against the property of the bankrupt.

Plaintiff demands an avoidance of the assignment of the accounts receivable, and the assignment of the chattel mortgage and note, and prays that all of the property be turned over to plaintiff as trustee in bankruptcy, to be held and disbursed by him in accordance with § 67, sub. c of the Bankruptcy Act.

We will consider first the defendant's contention that the United States has not consented to be sued since the provisions of the Bankruptcy Act do not specifically authorize a suit against the United States in an action by a trustee for recovery of a voidable preference. Defendant relies on Abeken v. United States (Mo., 1939) 26 F.Supp. 170, in which the court after expressing doubts that the payment in question constituted a preference gave three reasons why the trustee could not recover, (1) aside from the Bankruptcy Act a creditor may be preferred by a debtor, (2) the United States is not a "person" within the meaning of the statute permitting the recovery of a preference, and, (3) the United States has not consented to be sued for the recovery of a preference.

Plaintiff, however, claims that Congress has enacted a comprehensive statutory system to regulate bankruptcy and although the United States is not specifically mentioned in § 60 of the Bankruptcy Act, § 67, sub. c of the Act does expressly mention the United States, and so it is apparent that Congress intended that the United States be bound by its provision, and subject to suit. Plaintiff also relies on waiver of immunity by the United States in 28 U.S.C.A. § 1346 (Tucker Act), which provides for jurisdiction in the district courts of the United States of

"Any other civil action or claim against the United States, not ex-

ceeding $10,000 in amount, founded either upon the Constitution or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages not sounding in tort."

■ Although § 60, sub. b of the Bankrupty Act does not specifically mention the United States, consideration of the case law and the various sections of the Bankruptcy Act discloses that Congress intended the United States to be bound by its provisions and hence a proper defendant in an action to set aside a preference. Section 67, sub. b of the Bankruptcy Act, 11 U.S.C.A. § 107, exempts from the operation of § 60 "statutory liens for taxes and debts owing to the United States" and not claims for taxes generally. If as contended by defendant, § 60 could not be applied against the United States for want of consent to be sued, this exemption provision would be unnecessary. See In re Techcraft, Inc. (D.C. New York, 1959) 177 F.Supp. 790. I find therefore, that the United States has waived its sovereign immunity to be sued in cases arising under § 67 and § 60 of the Bankruptcy Act.

There remains to be considered the contention of the defendant that the complaint fails to state a cause of action.

■ The plaintiff's action is one brought under the provisions of § 60 of the Bankruptcy Act, 11 U.S.C.A. § 96. In order to have a preference six statutory elements must be present, (1) a transfer of debtor's property, (2) to or for the benefit of a creditor, (3) transfer must be made or suffered while debtor is insolvent, (4) within four months of bankruptcy, (5) it must be for or on account of an antecedent debt which results in a depletion of the estate, and, (6) the effect of the transfer must be to enable such creditor to obtain a greater percentage of his debt than he would be entitled to under the distributive provision of the Act. If any of these elements are lacking there is no preference, but when the requirements are met the preference is voidable only if transferee has reasonable cause to believe that the debtor was insolvent at the time of the transfer. Mayo v. Pioneer Bank & Trust Company, 5 Cir., 270 F.2d 823. 3 Collier on Bankruptcy, p. 755 and following.

■ For the purposes of this motion properly pleaded allegations of the complaint are admitted. Brennan v. United States, D.C., 129 F.Supp. 155; 2 Cir., 221 F.2d 120. Thus our inquiry is directed to the sufficiency of the complaint to satisfy the six necessary elements set forth above. The first element, a transfer of the debtor's property, is the assignment of the accounts receivable on February 15, 1960. The alleged transfer was made by the bankrupt as security for payment of tax liability to defendant in the approximate amount of $40,000. The consideration therefor was the waiver or forbearance of the defendant with respect to the collection of its claims against the debtor. This assignment, as alleged, is valid under § 241.28(1), Wisconsin Statutes, which provides for the validity of assignments of accounts receivable for a valuable consideration notwithstanding the fact that the debtor is not notified, and no person claiming through or under the assignor and no future creditors of the assignor are entitled to any diminution of the rights of the assignee. Section 241.28(2), Wisconsin Statutes, provides further that such assignment shall be deemed and held to have been fully perfected at the time such assignment was made notwithstanding the obligor was not notified or did not assent to such assignment.

■ It is further alleged that the transfer was made for the benefit of the defendant and it was made while the debtor was insolvent within four months of the date of bankruptcy (February 15, 1960). However, plaintiff must show that the transfer was made for or on account of an antecedent debt which results in a depletion of the estate, and the effect of which is to enable the creditor to obtain a greater percentage of his debt than

he would be entitled to under the distributive provisions of the Act. It is our opinion that the transaction as set forth does not result in a depletion of the estate and is not preferential.

The complaint discloses that on August 28, 1959, and November 27, 1959, there had been assessed against the debtor certain taxes in excess of $20,000 and it further discloses that the amounts collected by defendant were applied to said tax assessment. As a result of these assessments defendant possessed a statutory lien under the Internal Revenue Code. 26 U.S.C.A. § 6321, against all the property of the bankrupt to the extent of the amount of those assessments. Plaintiff in its brief and oral argument does not contest the existence or validity of this statutory lien.

■ The transfer by a debtor of money in total or partial discharge of a valid or non-preferential existing lien which would not have been disturbed by the bankruptcy proceedings does not constitute a preference because the assets available for general creditors are not thereby diminished. 3 Collier p. 842. See also Greenblatt v. Utley, 9 Cir., 240 F.2d 243.

■ Similarly, a substitution of a new security for an old is non-preferential because it does not result in a depletion of the estate. Sawyer v. Turpin, 91 U.S. 114, 23 L.Ed. 235. Of course, any transfer in excess of the amount of the statutory lien may be attacked as preferential but in the instant case the complaint alleges that the money collected by the defendant pursuant to the assignment was applied to the tax assessments of August 28, 1959 and November 27, 1959, which created the statutory lien.

Plaintiff seeks to invoke the provisions of § 67, sub. c of the Bankruptcy Act which provides that where not enforced by sale before the filing of a bankruptcy petition, statutory liens including liens for taxes or debts owing to the United States on personal property not accompanied by possession shall be postponed in payment to certain priority claims namely wage claims and administration expenses. He contends that the accounts receivable were not in the possession of the defendant at the time of the filing of the bankruptcy petition since as to certain of the assigned accounts, there were no notices of levy served on the debtors at all and as to the others the notices of levy had been released prior to the date of the bankruptcy petition.

■ In support of his position, the plaintiff cites United States v. Eiland, 4 Cir., 223 F.2d 118, and Freeman v. Mayer, 3 Cir., 253 F.2d 295, which hold that in order to establish the necessary "possession" of a debt by the Collector, a notice of levy must be served on the obligor. But § 67, sub. c and the cases cited have no application here. At the date of bankruptcy, the bankrupt had already relinquished ownership of the accounts receivable by assigning them to the defendant. Had the obligors paid the accounts to the assignor or a subsequent purchaser of the account, the assignor or purchaser would have been held accountable and liable to the defendant for such sums received by him.

In essence, plaintiff's claim as disclosed by the complaint is that it is entitled under the facts pleaded to judgment setting aside the transfer as being preferential. Yet at the same time in an effort to show the preference element he contends that the transfer was not effective in that it gave defendant no greater power over the accounts receivable than he already had by virtue of the statutory lien. Such positions are inconsistent and incompatible in relation to a single cause of action. Plaintiff cannot have it both ways.

Since the complaint fails to allege facts sufficient to show that the transfer was preferential under § 60 of the Bankruptcy Act, it fails to state a cause of action and the motion of defendant to dismiss the complaint is hereby granted. Failure to replead within twenty days of this order will be construed as an election to stand on the complaint, and an order will be entered at such time without notice dismissing the action on its merits.